Palmer v. Allen, 18 N. M. 237

[No. 1569, October 14, 1913.]

J. M. PALMER, Appellant, v. FRANK B. ALLEN, Appellee.

SYLLABUS (BY THE COURT)

1. A bill of exceptions will be stricken from the transcript on appeal, upon motion therefor, when no notice has been given the adverse party of the time and place of its proposed settlement and signing, as required by sec. 26, chap. 57, S. L. 1907.

P. 239

2. A bill of exceptions, in a case tried to a jury, must be settled and signed by the judge of the court in which the case was tried, and where the record fails to show that such bill of exceptions was signed by the judge it will be stricken from the files, upon motion.

P. 239

3. Where the assignment of errors is copied into appellant's brief, and the brief is served upon appellee's counsel, service of a separate copy of the said assignment of errors is not necessary.

P. 239

Appeal from the District Court of San Juan County; Edmund C. Abbott, District Judge; motion denied in part and sustained in part.

Palmer v. Allen, 18 N. M. 237

PERKINS & MAIN, Durango, Colorado, for appellant.

The valuation placed upon services of an attorney in this case is preposterous, and wholly unsupported by the evidence, and directly contrary to the law governing such cases. Thompson v. Burtis, 70 Pac. 603.

The true rule, as to value, succinctly stated. Head v. Hargrave, 105 U. S. 45.

EDWARDS & MARTIN, Farmington, New Mexico, for appellee.

In all cases tried by a jury the bill of exceptions must be signed, sealed and settled by the trial judge, or his successor. Sec. 25-6, page 112, Laws 1907; Territory v. Rudabaugh, 2 N. M. 222; Wheeler v. Fick, 4 N. M. 16; Evans v. Baggs, 4 N. M. 68; Hays v. U. S., 9 N. M. 524; Street v. Smith, 15 N. M. 97; Ross v. Berry, 16 N. M. 778.

Assignments of error should be written on separate paper and filed in the cause, and shall also be copied into the brief. Sec. 21, page 112, Laws 1907; Puritan Co. v. Toti, 16 N. M. 1; Gonzales v. A. T. & S. F. Co., 3 N. M. 518.

Necessity for taking and saving exceptions. U. S. v. Sena, 15 N. M. 202; State v. Eaker, 131 Pac., 17 N. M. 379; U. S. v. Cook, 15 N. M. 124; State v. Lucero, 131 Pac. 491.

### OPINION OF THE COURT.

ROBERTS, C. J.—Appellee has filed a motion to strike the bill of exceptions from the files in this case on two grounds, (1) Because appellant failed to give appellee five days' notice of his intention of applying to the judge of the court in which the cause was tried to sign and settle the bill of exceptions, and, (2) that the said bill of exceptions was not signed and sealed by the judge of the court in which said cause was tried.

Both grounds of the motion are seemingly well taken. Sec. 26, chap. 57, S. L. 1907, in so far as material, reads as follows:

"After such trial any party to the action may require the court stenographer to transcribe the whole or any part of his stenographic notes, and when the stenographer shall have transcribed his notes he shall file the same in the office of the clerk of the court in which the action in which they were taken was tried, and thereupon, either party to said cause desiring to have the same or other matters under section 25 of this act embodied in a bill of exceptions may give five (5) days' notice to the opposite party of his intention of applying to the judge of the court in which said cause was tried, to have the judge of said court sign and seal the same in proper form, as a bill of exceptions. Upon such notice, unless said transcript or other matters tendered shall be shown to be incorrect, and in that case after its correction, the judge or his successors, shall settle, sign and deliver the said transcript as a bill of exceptions, adding thereto such additional matters properly sought to be added."

The record fails to show, as it should, that the required notice was given. Further, appellee, by the affidavit of his attorney, shows that no notice of any kind or character was served upon him by appellant. This case was tried to a jury, and the testimony, rulings of the court, objections made and exceptions taken, on the trial, could only be brought into the record by being incorporated into a bill of exceptions, and such bill of exceptions, under the statute, (sec. 26, chap. 57, S. L. 1907, supra) must be signed by the "Judge of the court in which the cause was tried." The record filed in this court fails to show that the said bill of exceptions was signed by any judge. Therefore, for the reasons stated, the motion of appellee to strike the said bill of exceptions from the file will be sustained.

Appellee's motion to strike the assignment of errors from the files, because of appellant's failure to serve the same upon his counsel, as required by sec. 21,

Lorenzino v. James, 18 N. M. 240.

chap. 57, S. L. 1907, will be denied, because appellee ad-
mits service upon his counsel of a copy of the brief filed by
appellant, which said brief contained a copy of said as-
signment of errors, and it is so ordered.