[No. 1902, June 12, 1916.]
STATE ex rel. BACA v. BOARD OF COMMISSIONERS OF GUADALUPE COUNTY et al.
(JONES & GLEASON, Interveners.)

### SYLLABUS BY THE COURT.

1. Under the provisions of section 4482, Code 1915, where an appellant fails to make all interested parties in the court below parties to the appeal, he may, upon leave granted by this court, compel such interested parties to become parties to the appeal.

P. 715

2. In a cause tried by the court without a jury, a party desiring to appeal may have the proceedings occurring upon the trial brought into the record either under the provisions of Code 1915, section 4493 or section 4495. Where he elects to make such matters a part of the record by bill of excep-

tions, it is incumbent upon him to give the adverse party five days' notice of his intention of applying to the judge of the court in which said cause was tried to have the judge of said court sign and seal the same in proper form as a bill of exceptions, and, where he fails to give such notice, the bill of exceptions will be stricken from the transcript, upon motion.

P. 716

3. For suggestions as to the proper preparation of transcript of record, so as to show filing of the transcript of stenographer's notes and bill of exceptions, see the opinion.

P. 719

Appeal from District Court, Guadalupe County; Leahy, Judge.

Injunction by the State, on relation of Placido Baca y Baca, for himself and others similarly situated, against the Board of County Commissioners of the County of Guadalupe and others, wherein Jones & Gleason, a partnership, intervene. From judgment for defendants, plaintiffs appeal, and defendants move to strike the bill of exceptions from the files. Motion sustained.

F. FAIRCLOTH of Santa Rosa, for appellants.

C. E. McGINNIS of Santa Rosa and RENEHAN & WRIGHT of Santa Fe, for appellees.

### OPINION OF THE COURT.

ROBERTS, C. J.—On the 10th day of August, 1914, an election was held in the town of Santa Rosa, under the "Local Option" statutes, to determine whether or not the sale of intoxicating liquors should be prohibited within the prescribed district. The said town not being incorporated, the proceedings and election were had and conducted in accordance with the provisions of chapter 78, Laws 1913 (article 4, c .59, Code 1915). The result of said election, upon the face of the returns, was "against prohibition." This action was instituted in the lower

court by the state, on relation of Placido Baca y Baca, to enjoin the county clerk, county assessor, board of county commissioners, and county sheriff of Guadalupe county from issuing licenses for the sale of intoxicating liquors within such town, upon the ground that certain illegal voters had voted at said election, and the true result of such election had not been declared or ascertained, by reason of such illegal voters being permitted to vote and having cast their ballots "against prohibition." The court was asked to purge such returns of such illegal votes and to declare the true result of such election. The injunction was asked for, because of the alleged fact that the true result of such election, eliminating the illegal votes, was in favor of prohibition. All the defendants defaulted, with the exception of the county clerk, who appeared and answered, denying the allegations of the complaint. Jones & Gleason, copartners, operating the only saloon within such town, were allowed to intervene in the suit, and they likewise denied the allegations of the complaint. The trial court, after hearing the evidence adduced, eliminated certain votes "against prohibition," but found that the majority of the legal voters had voted "against prohibition," and entered an order dissolving the injunction.

[1] Upon this appeal, appellant joined only Jones & Gleason and the county clerk, as appellees, and they have moved to dismiss the appeal upon the ground that the parties defendant who defaulted in the trial court are necessary parties, and that no judgment can be entered in this court in the cause, in the absence of such other defendants. Whether such defendants are necessary parties or not need not be determined, for, if we should so hold, under section 4482, Code 1915, they could even yet be brought before this court as parties. This section reads as follows:

"Persons may be substituted as parties or compelled to become parties in cases pending in the Supreme Court in like time and manner with like effect as provided for in original suits in district courts."

Under this section, where an appellant fails to make all the interested parties in the court below parties to the

716    SUPREME COURT OF NEW MEXICO,

State ex rel. Baca v. Bd. of Commissioners, 21 N. M. 713.

appeal, he may, upon leave granted by this court, compel such interested parties to become parties to the appeal. Upon proper application, leave will be granted appellant in this case to bring in the omitted parties.

[2] Appellees have interposed another motion, which possibly may dispose of this appeal, unless some question is presented for review which involves the record proper. They have moved to strike out the bill of exceptions on various grounds, only one of which, however, need be considered. The fatal objection to the bill of exceptions, is that appellant failed to give appellees five days, or any, notice of his intention of applying to the judge of the court in which the cause was tried, to sign and settle the bill of exceptions. In the case of Palmer v. Allen, 18 N. M. 237, 135 Pac. 1173, we said:

"A bill of exceptions will be stricken from the transcript on appeal, upon motion therefor, when no notice has been given the adverse party of the time and place of its proposed settlement and signing, as required by sec. 25, chap. 57, S. L. 1907."

The above section was carried into the Code of 1915 as section 4495. Appellant admits that no notice was given, as required by this section, but contends that it was not necessary for him to bring the evidence and proceedings occurring upon the trial into the record by the bill of exceptions; that under section 4493, Code 1915, this cause having been tried to the court without a jury, the court could properly certify to the correctness of the transcribed notes of the stenographer, without notice to the appellees, and that this court should treat the certificate to the bill of exceptions as a compliance in this regard with the provisions of said section 4493. Section 4493 reads as follows:

"In all actions tried without a jury the testimony taken before a court or that taken by a referee, the transcribed notes of the stenographer in such cases, properly certified by the court or referee, and all motions, orders or decisions made or entered in the progress of the trial of any such action shall become and be a part of the record for the purpose of having the cause reviewed by the Supreme Court upon appeal or writ of error, without any bill of exceptions. And it shall not be necessary to have any bill of exceptions

settled, signed or sealed, in order to make any of such matters a part of the record in cases so tried. It shall not be necessary to make a motion for a new trial in any case tried by the court without a jury." ·

Section 4495 provides:

"In all cases tried by the court, either with or without the intervention of a jury, the testimony, all rulings of the court, objections made and exceptions taken on the trial shall be taken down by the court stenographer. After such trial any party to the action may require the court stenographer to transcribe the whole or any part of his stenographic notes and when the stenographer shall have transcribed his notes he shall file the same in the office of the clerk of the court in which the action in which they were taken was tried, and thereupon; either party to said cause desiring to have the same or other matters under the preceding section embodied in a bill of exceptions may give five days' notice to the opposite party of his intention of applying to the judge of the court in which said cause was tried, to have the judge of said court, sign and seal the same in proper form, as a bill of exceptions. Upon such notice, unless said transcript or other matters tendered shall be shown to be incorrect, and in that case after its correction, the judge or his successors, shall settle, sign and deliver the said transcript as a bill of exceptions, adding thereto such additional matters properly sought to be added. For the purpose of having said bill of exceptions ·signed and sealed, it shall not be necessary to make out a new copy of the notes of said stenographer or other matters tendered but the same may be referred to and identified as a part of the bill of exceptions; nor shall it be necessary to serve a copy thereof with the notice. Provided, that in cases tried without a jury the testimony as transcribed by the stenographer may become a part of the record as provided in section 4493."

From the language of these scetions it will be observed that in cases tried to a jury, the testimony can only be brought into the record by a bill of exceptions; that in causes tried before the court without the intervention of a jury it is optional with the appellant whether the proceedings occurring upon the trial shall be made a part of the record by being "properly certified by the court or referee," or by a bill of exceptions. In other words, the appellant may elect which course he will pursue.

Here, the question is, The appellant having elected to· pursue the course outlined by section 4495, was it necessary for him to comply with the provisions of said section·

relative to notice ? That he so elected is established by the certificate of the judge, for it reads:

"And the said plaintiff having prayed that the foregoing matters and things be made a part of this bill of exceptions in this cause, in order that they may become a part of the record herein."

We are compelled to hold that the appellant must comply with all the requirements of the statute, relative to procuring a proper bill of exceptions, when he elects to proceed in that manner, for the following reasons:

Under section 4493 no notice to the opposite party is required, and such notice not being required, and the appellee having no opportunity to appear and be heard as to the correctness of the transcript of the evidence and proceedings occurring upon the trial, presumptively the duty is cast upon the court or referee to see to it that the transcript speaks the truth. Under this section the appellee can safely assume that the court will not certify to an incorrect transcript, and that it will take all proper precautions to satisfy itself of its truth.

When the party elects to bring the matters into the record by bill of exceptions, the duty of seeing to it that the proposed bill of exceptions speaks the truth is cast upon the appellee. The statute, after providing for five days' notice to the appellee of appellant's intention of applying to the trial judge or his successor at a designated time and place to sign and settle the bills of exceptions, says:

."Upon such notice, unless said transcript or other matters tendered shall be shown to be incorrect, and in that case, after its correction, the judge or his successor shall settle, sign and deliver the said transcript as a bill of exceptions, adding thereto such additional matters properly sought to be added."

Under this language it will be observed that the duty of pointing out wherein the proposed bill of exceptions is incorrect is cast upon the appellee, and, if appellee fails to do so, the judge may sign the bill of exceptions without further inquiry.

State ex rel. Baca v. Bd. of Commissioners, 21 N. M. 713.

The judge when asked to sign a proposed bill of exceptions naturally assumes that appellant has given the required notice, and, when the appellee does not appear and object, or point out errors, presumably affixes his signature thereto without further inquiry. Under the other statute he would necessarily be required to satisfy himself of the truth of the matters, proposed to be incorporated into the record, by his certificate. Hence we conclude that in a cause tried before a court without a jury, a party desiring to appeal may have the proceedings occurring upon the trial brought into the record either under the provisions of section 4493 or section 4495; that where he elects to make such matters a part of the record by bill of exceptions, it is incumbent upon him to give the adverse party five days' notice of his intention of applying to the judge of the court in which said cause was tried to have the judge of said court sign and seal the same in proper form as a bill of exceptions, and, where he fails to give such notice, the bill of exceptions will be stricken from the transcript of record upon motion.

[3] Another point raised by appellees is that the transcript of record does not show that the bill of exceptions was ever filed in the office of the clerk of the district court. A slight degree of care on the part of clerks and attorneys would avoid all question in this regard. Many transcripts filed in this court are justly subject to criticism, because, it is, to say the least, doubtful whether they show that the bill of exceptions was ever filed with the clerk. Here the certificate of the clerk appended to the transcript only is depended upon to show that the alleged bill of exceptions was ever filed, and this recites:

"I, George Sena, clerk, etc., * * * certify that the above and foregoing transcript of the testimony [here follows a list of the other papers filed in the cause] in the cause lately pending in the district court, etc., * * * as the same appears on file in my office."

Technically, the "transcript of testimony" cannot properly become a part of the record by being filed in the office of the clerk. It is the "bill of exceptions" which becomes a part of the record. In Wade's Appellate Pro-

cedure, § 441, will be found a proper form of certificate by clerks, which, if generally employed, would save any question in this regard.

Section 4495, Code 1915, requires the court stenographer to file his transcribed notes in the office of the clerk of the district court, when required by either party to transcribe the same. Hence, when the stenographer does so, the clerk should show, by entry upon either the civil or criminal docket, as the case may be, the date and fact of such filing. After the judge of the court has settled and signed the bill of exceptions, such bill of exceptions should be filed in the office of the clerk, and he should, by proper entry upon the docket, in compliance with the provisions of section 1405, Code 1915, show the date and fact of such filing. In making up his transcript the clerk should show substantially as follows:

"And afterwards, to-wit, on the————day of———— 19—, comes the court stenographer and files in the office of said clerk the transcribed notes of said stenographer in the above entitled cause, and later, to-wit, on the————day of ————19—, there was filed in the office of said clerk a 'bill of exceptions' which said bill of exceptions reads as follows, to-wit: (Here set out copy of bill of exceptions.)"

This procedure and these forms are set forth in detail, with the hope that members of the bar and clerks of the district courts will comply substantially therewith, and avoid the numerous objections here raised in this regard.

For the reasons stated in this opinion, appellees' motion to strike the bill of exceptions from the files will be sustained; and it is so ordered.

HANNA and PARKER, J.J., concur.