(No. 2272.    April 10, 1923.)

# BACA v. OJO DEL ESPIRITU SANTO CO.

### SYLLABUS BY THE COURT.

(1,2.)   Bills of exception will be stricken from the record, when no notice of application to have the same settled and signed was given the opposite party.                    P. 500

(3)  The instructions to the jury are not part of the record, unless ordered by the court to be filed by the clerk, and they will not be considered, unless brought into the record by bill of exceptions, in the absence of said order of the court.                                                     P. 502

(4)   Under chapter 43, § 36, Laws 1917, a certified copy of an order of extension of time within which to settle and sign a bill of exceptions is for the information of this court, and is authorized and required by law, and, when filed with the clerk of this court, it need not be incorporated into the record on appeal. Section 38 of the same chapter, requiring us to determine causes upon the record alone, refers to questions arising upon the merits of the cause, and not to collateral questions of appellate procedure.          P. 503

### On Motion for Rehearing.

(5) A motion for a rehearing, not accompanied by a separate brief supporting the same, may not be insisted upon before the court.                                          .P. 506

(6) The court of its own motion, when doubtful of the soundness of its decision, may, notwithstanding no brief has been filed, order a rehearing in any given case.       P. 506

Appeal from District Court, Santa Fe County; Holloman, Judge.

A. B. Renehan, of Santa Fe, and Marron & Wood, of Albuquerque, for appellant.

C. C. Catron, of Santa Fe, for appellee.

### OPINON OF THE COURT.

PARKER, C. J.   A motion has been made by the appellee to strike from the record the bill of exceptions, the "special bill of exceptions appearing by certificates," and the instructions of the court given to the jury.   •

In so far as the bill of exceptions and the special bill of exceptions are concerned, the motion is based upon two grounds, viz.: (1) That the record fails to show that 5 days' notice was given by the appellant to the appellee of his intention to apply to the district judge to have the proposed bill of exceptions settled and signed as is required by section 27, chapter 43, Laws 1917, and that in fact no notice of 5 days was given the appellee of such proposed settling and signing of said bill of exceptions; (2) that the record shows that the appeal in the cause was taken on January 23, 1918, and that the pretended bill of exceptions was settled and signed on June 22, 1918, and the special bill of exceptions was settled and signed on July 9, 1918, both of which said dates were long after the return day of said appeal and more than 80 days after the granting of the same, and the record fails to disclose any order extending the time within which to settle and sign the bill of exceptions. The motion to strike out the instructions to the jury is based upon the proposition that the instructions are no part of the record proper, and can be made a part of the record only by bill of exceptions, while in this case they appear only in the record proper, without having been settled and signed as a part of the bill of exceptions.

[1, 2] Upon the first point mentioned above, it appears that the record is entirely silent upon the subject of notice to the appellee of application to the district judge to settle and sign the bill of exceptions, and it is to be assumed, from an examination of the transcript, that no such notice was given. It does appear, however, in the certificate of the trial judge that counsel for appellee was, as a matter of fact, aware that application was made to the district court to settle and sign the bill of exceptions. In the certificate of the trial judge there appears the following statement:

"This cause having come on to be heard this 22nd day of June, 1918, upon the motion of the defendant appellant for settlement as a bill of exceptions in said cause of the stenographer's transcript on file, consisting of the preceding 506

pages of the matters and things therein contained, and for the certification of the defendant's costs, and A. B. Renehan appearing for the defendant and C. C. Catron for the plaintiff having advised the court that he has no objection to the transcript and bill of exceptions as tendered, except as appears therein, and the court being sufficiently advised in the premises," etc.

Upon the first reading of this certificate we were inclined to think that there had been waiver of notice on the part of the appellee of the application to have the bill of exceptions settled and signed. After a more careful examination of the language used in the certificate of the trial judge, it is to be seen, however, that no mention whatever is made of an intention on the part of counsel for appellee to waive the required notice. The language of the certificate, fairly interpreted, would seem to indicate that there was waiver on the part of the appellee as to the contents of the bill of exceptions, and not a waiver by him of his statutory right to 5 days' notice of the application to a district judge to have the bill of exceptions settled and signed. In explanation of the situation it was stated on argument, and not denied by counsel for appellant, that counsel for appellee was not present before the judge when the bill of exceptions was settled and signed, and that the judge called him on the phone at his office, and notified him of the application to have the bill of exceptions settled and signed, and that thereupon he told the judge over the phone that he had no objection to, or interest in, the contents of the proposed bill of exceptions. If counsel for appellee was relying upon the lack of notice he might well have been indifferent as to what kind of a bill of exceptions might be settled and signed by the judge, as the settling and signing of the same would be of no avail. We fail to be able to extract from the facts stated in argument and from the certificate of the judge that counsel attempted in any way to impose upon the court or lead the court to believe he had waived the notice required by law. It was the duty of appellant to have given notice or to have secured from counsel for appellee express waiver of said notice, which he failed to do. Under such circumstanc-

es there is no alternative for the court but to sustain the motion of strike out the bill of exceptions. See State v. Board of County Commissioners, 21 N. M. 713, 158 Pac. 642; Palmer v. Allen, 18 N. M. 237, 135 Pac. 1173.

In regard to the so-called special bill of exceptions, there is no pretense that any notice whatever was ever given appellee or his counsel of the proposed settling and signing of the same, and there is nothing in the certificate intimating that any notice was so given, but, on the other hand, it appears that it was done upon the request of counsel for the defendant. This special bill of exceptions must therefore be likewise stricken from the record.

[3] The instructions, as before stated, appear in the record proper, certified to by the clerk, but it does not appear from the record that the instructions were ordered to be filed by the court. In the absence of rule or statute controlling the matter, it is familiar law that instructions to juries can be made a part of the record only by bill of exceptions. This has been the position of this court from early times. See Territory v. McGrath, 16 N. M. 202, 210, 114 Pac. 364, and U. S. v. Sena, 15 N. M. 187, 106 Pac. 383. The McGrath Case, supra, was decided after the enactment of section 4491, Code 1915, which now appears as section 23, of chapter 43, Laws 1917, the pertinent provisions whereof are as follows:

"All entries, orders and rulings of record in the clerk's office, and all papers regularly filed in a cause with the clerk of the district court shall be considered a part of the record proper."

Notwithstanding this statute the court held in the McGrath Case that "all papers regularly filed in a cause with the clerk of the district court" included only such papers which by statute, or rule, or order of court are required or directed to be filed in the cause. See, also, Loftus v. Johnson, 23 N. M. 546, 170 Pac. 49; Gradi v. Bachechi, 24 N. M. 100, 172 Pac. 188. It follows that unless the court should wish to depart

from the established doctrine in this jurisdiction, the instructions should be stricken from the record, or at least not considered by this court.

[4] The second ground of the motion above set out, while not necessarily to be decided in this case, raises an important question of appellate procedure which ought to be settled, and for that reason we will discuss it. Section 21, chapter 43, Laws 1917, fixes the return day of appeals or writs of error, in cases of the class before us, at not less than 90 days after the appeal is taken or the writ of error sued out. Section 22 requires the filing of the transcript of record in this court at least 10 days before the return day, and further provides for an extension of time in this regard upon conditions named. Section 27 provides for the settling and signing of the bill of exceptions by the trial judge upon 5 days notice to the opposite party. Section 36 provides for the extension of time within which to have the bill of exceptions settled and signed, and provides that the district judge "may extend the time for settling and signing the bills of exceptions, and when such extension is made, so that the record cannot be filed in the Supreme Court within the time required by law for the regular return day, it shall be the duty of the clerk of the district court to send to the clerk of the Supreme Court a certified copy of the order extending such time for settling and signing the bill of exceptions." Section 38 provides that—

"The Supreme Court in appeals or writs of error shall examine the record, and on the facts therein contained alone shall award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to it shall seem agreeable to law."

In this case, as before seen, the bills of exception were settled and signed long after the regular return day of the appeal. As the record stood at the time of filing the motion, they were clearly subject to a motion to strike. They were apparently settled and signed without jurisdiction.

It has been made to appear, however, by certificate of the clerk of the district court that on March 8, 1918,

the district judge, by order duly entered of record, extended the time to settle and sign the bill of exceptions for sixty days additional time, and on June 1, 1918, he further extended such time for thirty days. The settling and signing of the bill was therefore within the time as thus extended. The clerk of the district court, then in office, failed in his statutory duty, and did not send up to the clerk of this court a certified copy of such orders of extensions, although it appears by affidavit of himself and counsel for appellant that he was, in addition to his statutory duty, personally requested by counsel so to do.

We are confronted, therefore, with the necessity of determining whether we may, in this or any, case look to the certificate of the district clerk as to the extensions of time to settle and sign bills of exception, or whether, notwithstanding we know by reason of the paper on file in the offiice of our clerk, authorized by law to be so filed, we must confine ourselves under the provisions of section 38, supra, to the "record and on the facts therein contained alone" determine all of the questions presented.

In the first place it is to be noted that the certificate of the district clerk is authorized and required by the statute. When the order of extension is certified and filed with our clerk, it is here for the official information of the court, and is evidence upon which the court is authorized to act. Its absence indicates to the court that no extension has been granted, and that appellee is entitled, if the required time after appeal has elapsed, to docket the case and have the judgment affirmed by this court. If it is present, it furnishes evidence that this court has no authority to act for the present. The provision for extension relates entirely to the time when an appeal matures, and has nothing whatever to do with any question in the case upon the merits, while, on the other hand, section 38 would, by its terms, seem to refer to the merits of the case and the action of the court thereon. Whether we may consider the bill of exceptions, or whether we shall strike it out as not

Baca v. Ojo Del Espiritu Santo Co., 28 N. M. 499

signed in time, we determine from the certificate of the district clerk, or the absence thereof. What the questions in the record are we determine from the record alone. We therefore conclude that a certified order of extension on file in the office of the celrk of this court is to be considered by the court in determining the timeliness of settling and signing the bill of exceptions, and that the bill will not be stricken because the order does not appear in the record. The order of the district court extending the time, when on file with the clerk of this court, need not be included in the record on appeal.

A word of caution in this connection might well be inserted at this point. It is to be remembered that after the filing of a record on appeal or error in this court the appellant has 30 days within which to file briefs, and until the expiration of that time the appellee is not called upon to enter his appearance or move in any particular. During this 30 days the appellant and his counsel have opportunity to examine the record and to ascertain therefrom whether orders of extension made by the district court have found their way, either by certificate of the clerk, or as a part of the record, to the files of this court. If this matter is neglected until the appellee moves to strike the bill of exceptions, as was done in the case, the appellant stands convicted of negligence, and in the face of a motion to strike the bill, might well be held not entitled to supply the missing record by way of certiorari. It is not necessary in this case to so hold, but the court takes this opportunity to intimate to practitioners that good practice requires that before the appellee moves in the case the appellant should see to it that the record and evidence before the court is complete.

For the reasons stated the motion to strike the bill of exceptions, the special bill of exceptions and the instructions to the jury from the record should be sustained; and it is so ordered.

ROBERTS and RAYNOLDS, JJ., concur.

Baca v. Ojo Del Espiritu Santo Co., 28 N. M. 499

On Motion for Rehearing.

PARKER, J.  A motion for rehearing has been filed by appellant, and a motion to strike the same from the files has been made by appellee.  The basis of the motion to strike is the failure of the appellant to support the motion by brief.  Section 3, of Rule 8 (198 Pac. ix), is as follows:

"At the time the motion for rehearing is filed, a separate brief supporting the same must be filed. * * * Four copies thereof shall be filed with the clerk and one copy served on adverse counsel or party in the time and manner required for briefs generally."

[5] This rule is designed to require the moving party to point out by way of written argument the reasoning and the law upon which the court is asked to reconsider its action.  The adverse party by section 4 of the same rule is allowed to file a reply brief, so that the matter may be fairly and intelligently presented to the court.  In the case at bar the motion for a rehearing is quite argumentative in itself, but that makes no difference in the application of this rule.  A brief is required in every case, or it is not, in which latter event the rule must be modified or repealed.  The rule was formulated and promulgated by the court after careful consideration, and is believed to be conducive to the orderly and proper conduct of the business before the court.  We see no reason to depart from the practice provided by the rule.  The appellant therefore is in no position to insist upon his motion for a rehearing.

[6] We have, however, of our motion, examined the motion for a rehearing, and have become somewhat doubtful as to the soundness of our construction of the order settling the main bill of exceptions.  It is questionable whether under the circumstances recited in the order of the judge settling the bill the appellee was not called upon to speak and to make known his objection on account of the want of notice.

There is also a difference of opinion among the members of the court as to whether the record in the case

as it stands should not be interpreted as showing notice of the settling of.the special bill of exceptions.

As these considerations have originated with the court counsel will be allowed 10 days within which to file briefs, or to proceed otherwise as they may be advised, and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J. concur.