(No. 2247. July 25, 1919.)
ROGERS v. HERBST et al.

SYLLABUS BY THE COURT.

(Rehearing Denied Sept. 27, 1919.)

1. A supersedeas bond, where the amount of the judgment is for a fixed sum under the provisions of the statute, must be in double the amount of such judgment, and a bond for a less sum does not have the effect of superseding the judgment.
P. 410

2. A bond conditioned as a supersedeas bond may be sufficient as a cost bond, where, by the terms of such bond, there

is an undertaking to pay all costs that may be adjudged
against the appellant in the Supreme Court.          P. 410

3.  Where an appeal is taken by all the parties against
whom a joint and several judgment is rendered, and but one
of the appellants files a cost or supersedas bond, the remain-
ing appellants will not be permitted to join in such cost or
supersedeas bond, or file a new bond after the time limited
by statute for the giving of such bonds, and the appeal as to
the defaulting appellant will, on motion, be dismissed.   P. 410

Appeal from District Court, Chaves County; McClure,
Judge.

Action by W. E. Rogers against James B. Herbst,
Robert Kellahin, and J. C. Reese.  Judgment for plain-
tiff, and defendants appeal.  Motion to dismiss the ap-
peal as to Herbst denied, and motion to dismiss as to
Kellahin and Reese granted.

REID, HERVEY & IDEN, of Albuquerque, for appellants.

R. D. BOWERS, of Roswell, for appellee.

#### OPINION OF THE COURT.

ROBERTS, J.  Appellee recovered a judgment in the
district court of Chaves county for damages upon an in-
junction bond against James B. Herbst, as principal, and
Robert Kellahin and J. C. Reese, as sureties.  A jury
having been waived, the cause was submitted to the court,
and upon the evidence a judgment was rendered in favor
of appellee, Rogers, against the parties named jointly
and severally, in the sum of $300.  From this judgment,
an appeal was prayed by the three parties named, and
the trial court was asked to fix the amount of the super-
sedeas bond.  The appeal was allowed, and the amount
of the bond fixed at $500.  As the judgment was for a
fixed amount, the amount of the supersedeas bond to be
given is fixed by statute (section 17, chapter 43, Laws
1917) in double the amount of the judgment.  A pur-
ported supersedeas bond was given by Herbst only, and
it was so conditioned that the sureties undertook and

agreed to pay only such judgment and costs as might be rendered against him.

[**1, 2**] A transcript has been filed in this court, and appellee has filed two motions, one to dismiss the appeal as to all the appellants because of the failure to give a supersedeas bond, as required by said section 17, or a cost bond, as required by section 15, chapter 43, Laws 1917; and a second motion asking for the dismissal of the appeal as to Kellahin and Reese because of their failure to give either a supersedeas or cost bond. Appellants have filed a motion to be allowed to file an amended supersedeas bond as to all three of the appellants. The first motion referred to, asking the dismissal of the appeal as to all three of the appellants, is upon the theory that the purported supersedeas bond given by Herbst is not sufficient either as a supersedeas or cost bond. The bond is not sufficient as a supersedeas bond. A supersedeas bond, where the amount of the judgment is for a fixed sum, must be in double the amount of such judgment, and a bond for a less sum does not have the effect of superseding the judgment. A bond conditioned as a supersedeas bond may be sufficient as a cost bond, however, where, by the terms of such bond, there is an undertaking to pay all costs that may be adjudged against the appellant in the Supreme Court. The bond in the present case so undertakes, and, while not in the exact words of the statute, it clearly is an undertaking on the part of the makers of the bond to pay the costs adjudged against the appellant on appeal.

For this reason, the motion to dismiss the appeal as to all three of the appellants will be denied. The motion to dismiss the appeal as to Kellahin and Reese must, however, be granted. They have complied with neither section of the statute, and it has been uniformly held by this court that, where neither a cost nor supersedeas bond is given, the appeal will be dismissed.

[**3**] Appellants will not be permitted to file an amended bond. In the case of Milliken v. Martinez, 22

N. M. 61, 159 Pac. 952, an appeal had been taken by defendants and an intervener in the court below. The intervener filed a supersedas bond, but the defendants filed neither a supersedeas nor cost bond, and did not join with the intervener in the supersedeas bond given by him. A motion was there made, as here, to dismiss the appeal as to the two defendants. They applied, together with the intervener, to this court for permission to file an amended supersedeas bond in which all should join. The motion was denied, and the appeal was dismissed; no written opinion being filed in the case. To permit the defaulting appellants, at this time, to give a new bond, or an amended supersedeas bond to be filed, would be to set aside the provisions of the statute which limit the time within which a supersedeas bond must be filed.

For the reasons stated, the motion to dismiss the appeal as to Herbst will be denied; the motion to dismiss the appeal as to Kellahin and Reese will be granted; and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., being absent, did not participate in this opinion.