817 P.2d 729

**In the Matter of the ESTATE OF Elizabeth Dycus GARDNER, Deceased, Jeanne W. Gholson, Personal Representative.**

No. 12748.

Court of Appeals of New Mexico.

April 11, 1991.

Robert D. Benson, Roberts & Jolley, Farmington, and Winston Roberts–Hohl, Santa Fe, for personal representative.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Patricia M. Taylor, Albuquerque, for claimants.

OPINION

HARTZ, Judge.

This matter came before the court on appellees' motion to strike supersedeas bond and appellants' response thereto. Both the motion and response appear to proceed on the assumption that the district court lacks jurisdiction to act on the matter. We disagree with that assumption. We deny the motion but expressly state that the district court may act on matters of supersedeas and stay during the pendency of an appeal.

We base our decision on the language of SCRA 1986, 1–062 (Cum.Supp.1990) and SCRA 1986, 12–207. Rule 1–062(D) requires approval by the district court of any supersedeas bond. Because the bond is

given only after the taking of the appeal, the rule compels the conclusion that the district court has jurisdiction to act on this issue following the filing of the notice of appeal.

Rule 12–207 allows this court to review district court action or inaction concerning supersedeas or stay. A prerequisite to this court's review is action or failure to act by the district court in response to a request made there. *See* 12–207(B). This court may act only after the notice of appeal is filed. 12–207(A). Thus, Rule 12–207 also implies that the district court retains jurisdiction to act on appellees' motion concerning the bond.

We should not act on matters dealing with supersedeas and stay unless the provisions of Rule 12–207, requiring presentation to the district court, have been met.

IT IS THEREFORE ORDERED that appellees' motion is denied and that the district court has jurisdiction to consider appellees' request for relief.

ALARID, C.J., and BIVINS, J., concur.