873 P.2d 289

**Clarence LONG and Rita Long, individually, and Rita Long as next friend of Tasheena Long, a minor, Plaintiffs–Appellees,**

v.

**CONTINENTAL DIVIDE ELECTRIC COOPERATIVE, Defendant–Appellant.**

**No. 15040.**

Court of Appeals of New Mexico.

March 17, 1994.

Gregory V. Pelton, Constance T. Fuqua, Pelton & O'Brien, P.A., Albuquerque, for defendant-appellant.

Paul D. Barber, Rosenfelt, Barlow, Barber & Borg, P.A., Albuquerque, for plaintiffs-appellees.

## OPINION

DONNELLY, Judge.

The issue before us arises out of Plaintiffs' motion to lift a stay of enforcement of a judgment during the pendency of Defendant's appeal. After reviewing the motion and Defendant's response, we hold that the district court erred in issuing the stay.

*FACTS*

Plaintiffs, on behalf of their minor child, filed a personal injury lawsuit against Defendant for damages sustained by the child resulting from severe burns received by her. While climbing a tree the child came into contact with an electric line owned by Defendant. Following trial the jury returned a verdict for Plaintiffs totalling almost $500,-000, together with interest. Judgment was entered on the verdict on July 28, 1993. Defendant filed a timely notice of appeal on August 27, 1993. At the time it filed its appeal, Defendant did not file a supersedeas bond or request a stay of execution. On November 11, 1993, more than ninety days after the date of the judgment and more than sixty days after the notice of appeal was filed, Defendant filed a petition requesting permission to file a supersedeas bond and asking the district court to grant a stay of execution. On November 30, 1993, the district court allowed Defendant to file a supersedeas bond and granted Defendant's requested stay.

*DISCUSSION*

Plaintiffs contend the district court erred in permitting Defendant to file a supersedeas bond and granting a stay of enforcement of the judgment. NMSA 1978, Section 39–3–22(A) (Repl.Pamp.1991), provides *"[t]here shall be no supersedeas or stay of execution upon any final judgment or decision of the district court in any civil action in which an appeal [is] taken ... unless the appellant ... within sixty days from the entry of the judgment or decision, executes"* a supersedeas bond. (Emphasis added.) The statute thus provides a sixty-day period after judgment in which an appellant may perfect a stay and supersede a judgment. *Devlin v. State ex rel. New Mexico State Police Dep't,* 108 N.M. 72, 75, 766 P.2d 916, 919 (1988). The statute also provides that for good cause shown the district court may grant an appellant additional time, not to exceed thirty days, in which to post the supersedeas bond. Section 39–3–22(A). Under the statute, therefore, the maximum amount of time allotted for the purpose of filing a bond and obtaining a stay of execution pending appeal is ninety days from the date of judgment. Defendant in this case did not request a stay or attempt to post a bond until more than two weeks following the ninety-day maximum established by the statute.

Similarly, SCRA 1986, 1–062(D) (Repl. 1992) also limits the time within which an appellant may obtain a stay pending appeal by filing a supersedeas bond. The rule allows the posting of a bond at any time within thirty days after the filing of a notice of appeal and grants the district court discretion to extend the time to post a bond for up to thirty additional days. Under the rule, if certain post-trial motions are filed, the district court is authorized to grant more time in which to file a supersedeas bond than the time limits imposed by statute. SCRA 1–062(D). No such motions were filed here. Therefore, we need not resolve any potential conflict between the rule and the statute. Under either the rule or the statute the absolute deadline for Defendant to post a bond and obtain a stay of execution was October 26, 1993, ninety days from the date of judgment and sixty days from the notice of appeal. Defendant's request for a stay, and the district court's grant of the stay, occurred after the deadlines specified by both the statute and the rule.

As observed in 4 C.J.S. *Appeal and Error* Section 423, at 465 (1993): "As a rule, a bond or undertaking for a supersedeas or stay of proceedings on an appeal, to be effectual, must be given within the time prescribed by statute or rule or order of court." *See also Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977) (per curiam) (provisions of Federal Rule of Civil Procedure 62, affording protection to litigants who seek stay at various stages of proceedings, implies absence of authority to grant a stay outside of time periods covered by rule); *cf. Mundy v. Irwin,* 19 N.M. 170, 175, 141 P. 877, 878–79 (1914) (failure to file supersedeas bond within time requirements of former statute precluded grant of stay).

In opposition to Plaintiffs' motion to lift the stay, Defendant relies on *Segal v. Goodman,* 115 N.M. 349, 851 P.2d 471 (1993), and *In re Estate of Gardner,* 112 N.M. 536, 817 P.2d 729 (Ct.App.1991). We do not believe

that either case supports the granting of a stay under the factual scenario which exists here.

In *Gardner*, this Court did not address the timeliness of filing a supersedeas bond. Instead, we held only that a district court has jurisdiction to consider and rule on a motion to strike a supersedeas bond, even though a notice of appeal had already been filed. *Id.* at 536–37, 817 P.2d at 729–30. Although we stated that a district court may act on matters of supersedeas and stay during the pendency of an appeal, the phrase "pendency of an appeal," in the context of that case, held only that the pendency of an appeal does not automatically deprive a district court of jurisdiction to act on such matters. *Gardner* did not hold that a district court may grant supersedeas even though the time limitations prescribed by Section 39–3–22(A) and SCRA 1–062(D) have not been met.

Nor do we believe that *Segal* mandates a different result. Our Supreme Court in *Segal* quoted with approval from 33 C.J.S. *Executions* Section 139(b)(1) (1942), noting that, " '[A]ll courts of law, under statutes or under their general supervisory powers over their process, have the power temporarily to stay execution on judgments by them rendered whenever it is necessary to accomplish the ends of justice.' " *Segal*, 115 N.M. at 356, 851 P.2d at 478. In adopting this language we believe the Supreme Court recognized the inherent power of a district court to stay execution of a judgment rendered by it upon a showing of the existence of exceptional, equitable grounds justifying the granting of a stay where the statute or rule do not otherwise expressly provide for such relief. We do not read *Segal* to hold that a party may disregard the time limitations of Section 39–3–22(A) and SCRA 1–062(D) and obtain a stay under the circumstances which exist here. Defendant has failed to establish grounds warranting a departure from the time requirements of either the rule or the statute. Thus under the record before us we believe the district court is bound by the above time restrictions.

As shown by Defendant's response to Plaintiffs' motion to lift the stay, Defendant presented two separate arguments in the district court in support of its belated request for a stay of execution. Defendant contended that Plaintiffs could not execute on the judgment because they were pursuing a cross-appeal. Additionally, Defendant maintained that there is a risk that Plaintiffs will spend the judgment money obtained through execution and not be able to repay Defendant if the judgment is reversed on appeal.

We believe each argument is insufficient to permit the filing of a delayed supersedeas bond and issuance of a stay. The principle relied on by Defendant in support of its first contention states that a party waives its appeal by accepting the benefits of a judgment. *See Courtney v. Nathanson*, 112 N.M. 524, 525, 817 P.2d 258, 259 (Ct.App.), *cert. denied*, 112 N.M. 499, 816 P.2d 1121 (1991). In other words, a party who partially or wholly collects a judgment in some manner may not pursue an appeal that could affect the portion of the judgment that is collected. *Id.* Nothing in *Courtney* or the other cases discussing this rule, however, indicate that the converse is true—that a party who pursues an appeal is precluded from collecting on the judgment. This rule is intended to force a party who accepts the benefits of a judgment from challenging that judgment. Defendant has not cited any authority indicating that a party may not seek to obtain the benefits of a judgment, by executing on it, simply because an appeal is pending. Of course, if the party is successful in executing on the judgment, and has therefore accepted the benefits of the judgment, that party's appeal is then subject to dismissal. *See id.* In such case the party is deemed to have waived its right to appeal, not the right to attempt to collect on the judgment.

We also find Defendant's second argument to be without merit. The risk that Plaintiffs will not be able to repay the amount collected if the judgment is subsequently reversed on appeal does not warrant disregarding the time provisions prescribed by the rule or statute. An appellant may protect itself against such possibility by timely posting the required bond. *See Bank of Santa Fe v. Honey Boy Haven, Inc.*, 106 N.M. 584, 586, 746 P.2d 1116, 1118 (1987) (appellant must

post supersedeas bond in order to stay execution of final judgment).

In summary, we agree with Plaintiffs that under the record here Defendant failed to comply with the time limitations of either Section 39–3–22(A) or SCRA 1–062(D). Since Defendant did not do so, we conclude that the district court erred in allowing Defendant to post a supersedeas bond and obtain a stay of execution after the expiration of the time limitations prescribed by both Section 39–3–22(A) and SCRA 1–062(D). *See Rogers v. Herbst*, 25 N.M. 408, 411, 183 P. 749, 750 (1919) (applying former version of supersedeas rule and statute identical to the current Section 39–3–22(A), and holding that to allow an appellant to file or amend a supersedeas bond after the deadline for doing so had passed would invalidate the time limitation provisions of the statute).[5] We therefore grant Plaintiffs' motion to lift the stay. Our ruling on this motion does not constitute any determination of the validity of Defendant's appeal on the merits.

IT IS SO ORDERED.

ALARID and BLACK, JJ., concur.