185 P.3d 1091 (2008)
2008-NMCA-076
Phillip GRASSIE, as Personal Representative of the Estate of Walter Grassie, Plaintiff-Appellee,
v.
ROSWELL HOSPITAL CORPORATION, d/b/a Eastern New Mexico Medical Center, Defendant-Appellant.
No. 28,050.
Court of Appeals of New Mexico.
April 3, 2008.
Certiorari Granted May 28, 2008.
*1092 Law Office of Stephen Durkovich, Stephen Durkovich, Garcia & Vargas, LLC, Ray M. Vargas, II, Santa Fe, NM, for Appellee.
Montgomery & Andrews, PA, Sarah M. Singleton, Santa Fe, NM, for Appellant.
Certiorari Granted, No. 31,079, May 28, 2008.

OPINION
BUSTAMANTE, Judge.
{1} Eastern New Mexico Medical Center (Defendant) filed a motion in this Court seeking review of the supersedeas bond set by the district court. See Rule 12-207(B) NMRA (providing for appellate review of the district court's ruling on a supersedeas bond). Because the purpose of the supersedeas bond is to "maintain the status quo during the pendency of the appeal," Khalsa v. Levinson, 2003-NMCA-018, ¶ 7, 133 N.M. 206, 62 P.3d 297, we resolve the supersedeas bond issue by formal opinion while the merits of the underlying appeal remain pending on the general calendar.
{2} Defendant argues that the district court erred in requiring that it post a bond for "double the amount of the judgment," as provided by NMSA 1978, § 39-3-22(A) (2007), and argues instead that the district court should have required it to post a bond pursuant to Rule 1-062(D) NMRA in an amount that "shall be such sum as will cover the whole amount of the judgment remaining unsatisfied, plus costs, interest and damages for delay." Id.
{3} We hold that the district court did not abuse its discretion in setting the amount of the supersedeas bond at twice the amount of the judgment.
FACTS
{4} A judgment on jury verdict was entered against Defendant for approximately $22 million on Plaintiff's wrongful death and Unfair Practices Act claims. The judgment included compensatory and punitive damages. In conjunction with its appeal, Defendant filed with the district court a "Motion for a Stay of Execution and for Approval of a Letter of Credit in Lieu of a Bond." Defendant requested both that it be allowed to secure a letter of credit in lieu of a bond from a surety and that the amount of the security be determined by Rule 1-062 rather than Section 39-3-22. Specific to the amount of the security, Defendant argued that $30 million was an adequate amount *1093 "which represents the total damages awarded in the Judgment plus approximately three years' [estimated time pending on appeal] interest on the Judgment at fifteen percent." After a hearing, the district court granted the stay of execution, denied Defendant's approval of a letter of credit in lieu of a bond, and required Defendant to post bond in the amount of twice the judgment entered plus twice the attorneys' fees awarded.
DISCUSSION
{5} On appeal Defendant does not further contest the district court's ruling that Defendant must post a bond rather than secure a letter of credit from a bank. Thus, we consider only Defendant's argument that the district court erred in setting the amount of the supersedeas bond for double the amount of the judgment. See City of Santa Fe v. Komis, 114 N.M. 659, 665, 845 P.2d 753, 759 (1992) (recognizing that issues are abandoned when not briefed on appeal). Also, to the extent that Plaintiff argues that Defendant did not preserve its challenge to the amount of the bond, we disagree. Defendant clearly argued below that the amount of the security should be dictated by Rule 1-062(D) rather than by Section 39-3-22(A), irrespective of whether the security was provided in the form of a bond or letter of credit.
{6} As provided by Rule 12-207(D), "[t]he decision of the district court shall be set aside only if it is shown that the decision: (1) is arbitrary, capricious or reflects an abuse of discretion; (2) is not supported by substantial evidence; or (3) is otherwise not in accordance with law." Defendant argues that the district court's decision should be set aside as not in accordance with the law because the district court relied on the statute rather than the rule in setting the amount of the bond. For the reasons that follow, we disagree with Defendant's argument that the district court failed to honor the Supreme Court's judicial supremacy in matters relating to practice and procedure by relying on the statutory formula for setting the amount of the supersedeas bond.
{7} At first glance, Rule 1-062(D) and Section 39-3-22(A) appear to provide different methods for determining the amount of a supersedeas bond. The provisions are in relevant part as follows:
Rule 1-062(D) states:
When an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay. . . . When the judgment is for the recovery of money, the amount of the bond shall be such sum as will cover the whole amount of the judgment remaining unsatisfied, plus costs, interest and damages for delay.

(Emphasis added.)
Section 39-3-22(A) states:
There shall be no supersedeas or stay of execution upon any final judgment or decision of the district court in any civil action in which an appeal has been taken or a writ of error sued out unless the appellant or plaintiff in error, or some responsible person for the appellant or plaintiff in error . . . executes a bond to the adverse party in double the amount of the judgment complained of. . . .
(Emphasis added.)
{8} We agree with Defendant's argument that the setting of the amount of a supersedeas bond is a procedural matter. "When an appeal is perfected and a supersedeas bond is posted as required by Rule 1-062(D), stay of enforcement of the judgment pending review is a matter of right." Segal v. Goodman, 115 N.M. 349, 355, 851 P.2d 471, 477 (1993). Although a stay pending appeal is a substantive right, this right is contingent upon the appellant posting a satisfactory bond. The posting of the bond is the procedural mechanism by which an appellant secures the right to stay. See generally State v. Valles, 2004-NMCA-118, ¶ 14, 140 N.M. 458, 143 P.3d 496 (recognizing that "substantive law creates, defines, or regulates rights" whereas "procedural law outlines the means for enforcing those rights"); cf. State v. Romero, 2007-NMSC-030, ¶¶ 4-5, 141 N.M. 733, 160 P.3d 914 (recognizing that the statute governing the forfeiture of bail bonds is not merely procedural because it gives a substantive right to the bail bondsman in having his obligations terminate at the time the defendant is found guilty).
{9} We disagree, however, with Defendant's position that the district court abused its discretion in setting the bond at twice the amount of the judgment. We have no doubt that the district court was guided by the *1094 statute when it set the bond, but we see no basis for concluding that the district court's decision was inconsistent with the purposes of Rule 1-062(D).
{10} As our Supreme Court recognized in Albuquerque Rape Crisis Center v. Blackmer, 2005-NMSC-032, ¶ 5, 138 N.M. 398, 120 P.3d 820, the Legislature is not categorically prohibited from enacting legislation affecting practice and procedure but instead is only precluded from promulgating statutes that conflict with a procedural rule of the Supreme Court. Blackmer is particularly instructive in two respects. First, Blackmer rejects any bright line rule that the power to regulate practice and procedure is vested exclusively with the Supreme Court. Id. Instead, Blackmer recognizes that the Legislature may enact rules affecting practice and procedure until the Supreme Court exercises its inherent power to supersede any conflicting statutory provisions. Id.; see also Lovelace Med. Ctr. v. Mendez, 111 N.M. 336, 805 P.2d 603 (1991) (recognizing the "coordinate rule[-]making power shared by the [L]egislature and the judiciary"). Second, reflecting the Court's willingness to reasonably share rule-making authority with the Legislature, Blackmer indicates that if a legislative rule affects "arguably the same subject matter" as a Supreme Court rule, courts must consider whether the purpose of the Legislature's rule is consistent with the Supreme Court rule. Blackmer, 2005-NMSC-032, ¶ 11, 138 N.M. 398, 120 P.3d 820. If it is, both may be given effect absent a fatal conflict. Id. We glean from Blackmer that our Supreme Court is not anxious to find conflicts between statutes and rules in matters of procedure and instead prefers that, to the extent possible, legislative procedures be accommodated when their purposes are consistent with Court rules addressing the same subject matter. See also N.M. Bd. of Veterinary Med. v. Riegger, 2007-NMSC-044, ¶¶ 13, 15, 142 N.M. 248, 164 P.3d 947 (addressing the "costs" provisions of both Rule 1-054 NMRA and NMSA 1978, § 61-1-4(G) (2003), and concluding that both provide guidance to the Board of Veterinary Medicine for cost assessments in the context of disciplinary proceedings). Thus, absent a clear indication from the Supreme Court, we will not presume that the inclusion of specific markers in Rule 1-062(D) was intended to supersede the statutory formula.
{11} Extending Blackmer to the present case, both Rule 1-062(D) and Section 39-3-22(A) address the same subject matter, namely, how to determine the amount of the supersedeas bond. In this respect, both have the consistent underlying purpose of providing a means to ensure the status quo of the case pending appealprotecting the appellee from the risk of a later uncollectible judgment and compensating the appellee for any loss resulting from the stay, while at the same time allowing the appellant to exercise the right to be free from execution of the judgment during the appeal. We recognize that Rule 1-062(D) provides that the amount of bond "shall be such sum as will cover the whole amount of the judgment remaining unsatisfied, plus costs, interest and damages for delay," whereas Section 39-3-22(A) provides that the bond be set "in double the amount of the judgment complained of." Nevertheless, we do not consider the provisions to be fatally conflicting. Instead, under Blackmer's approach, we hold that the statute does not unduly encroach upon the Supreme Court's rule-making authority because it simply expands upon the purpose of Rule 1-062(D) by providing an alternative mechanism for ensuring that the holder of the judgment is adequately protected from any damage that may result from a stay of the judgment pending appeal. See Blackmer, 2005-NMSC-032, ¶ 11, 138 N.M. 398, 120 P.3d 820 (upholding a statutory privilege as consistent with a court-created privilege because by giving effect to the statutory privilege "the court rule is expanded only within the boundaries of its purpose").
{12} In the present case, although the district court set the bond at double the amount of the judgment, there is no indication that the court felt bound to follow the statute to the exclusion of the rule. Rather, we view the district court's decision to set the bond in double the amount of the judgment as a determination that such an amount was necessary to protect the appellee from any potential damage flowing from a stay of the judgment pending appeal. By requiring a sum that "will cover the whole amount of the judgment remaining unsatisfied, plus costs, interest and damages for delay," the Rule *1095 simply seeks to categorize the risks that the bond must protect against. Rule 1-062(D). We note that in defining what a bond must protect against, the Rule does not mandate any particular procedure for setting the bond amount or require mathematical precision. The setting of the bond amount necessarily involves uncertainty in its calculation because the types of damages that may be caused by a stay of execution are not always apparent at the time the stay is granted. Until such damages are actually incurred, the actual amount of damages caused by a stay pending appeal, if any, are unknown and need not be established with mathematical certainty until, and if, a surety is required to pay on a bond. Thus, viewed within the context of an unpredictable future, the Rule is intended to ensure that the amount of the bond is sufficient to maintain the status quo while the case is pending on appeal. If setting a bond at twice the amount of a judgment, as contemplated by the statute, will achieve the purpose of the rule, then there is no irreconcilable conflict between the statute and rule under the framework of Blackmer.
{13} We hold that the district court's decision to rely on the mechanism provided by the statute was not an abuse of discretion in this case. The judgment was approximately $22 million. Defendant argues that a $30 million dollar bond was adequate to cover the judgment complained of plus interest at 15% for an estimated three years that the case would be pending on appeal. In reply, Plaintiff points out that Defendant's advocated bond amount makes no accommodation for additional "damages for delay," see Rule 1-062(D), beyond interest. In light of this last factor, together with the large amount of money at stake, we cannot say that the district court abused its discretion by setting the amount of bond to cover more than just the judgment and loss of interest while this case is on appeal.
{14} To the extent that Defendant argues that it was Plaintiff's burden to establish at this stage of the proceeding what might be the "damages for delay," we disagree. Rather, as the party seeking the stay, it was incumbent upon Defendant as judgment debtor to satisfy the court that the amount of the bond would be sufficient to maintain the status quo pending appeal.
{15} We lastly note that while setting the amount of the supersedeas bond is committed to the district court's sound discretion, Rule 1-062(D) cannot simply be ignored in favor of the statute. The Rule provides the factors that must be considered by the court in determining the amount of a bond that will protect a judgment holder who must delay execution of the judgment pending appeal. There may be instances when a bond in double the amount of the judgment would provide inadequate protections against the risks identified in Rule 1-062(D). In such instances, the statutory method for determining the amount of the bond must give way to what the Rule would require. Likewise, there may be instances when a bond in twice the amount of the judgment would be unnecessary to protect against the risks identified by the Rule. Again, in such instances, the statute must give way to what the Rule would otherwise require.
{16} But in this case, there is no indication that the amount of the bond set by the district court was contrary to the purpose of the Rule. By setting the amount of bond at double the amount of the judgment, the district court ensured that the amount of the bond provided an adequate cushion in the event that the surety was required to pay the judgment and any damages caused by the delay on appeal. By doing so, the district court gave effect to Rule 1-062(D), though guided by the statute in setting the amount of the bond. Finding no basis for concluding that the statute and the rule are in conflict, we will not interfere with the district court's decision to rely on the mechanism in the statute for setting the amount of the bond.
CONCLUSION
{17} We affirm. Our order staying the deadline for posting the supersedeas bond is hereby lifted and Defendant shall proceed to post bond in accordance with the district court's order.
{18} IT IS SO ORDERED.
WE CONCUR: A. JOSEPH ALARID and CYNTHIA A. FRY, Judges.