**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2010-NMCA-088

Filing Date: October 8, 2009

Docket No. 29,269

TERRY JONES,

      Plaintiff-Appellee,

v.

HARRIS NEWS, INC., d/b/a BIG EYE,
a New Mexico corporation doing business
in the State of New Mexico, and
JOSHUA A. MONTOYA,

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Whitener Law Firm, P.A.
Charles W. Bennett
Santa Fe, NM

for Appellee

O'Brien & Ulibarri, P.C.
Daniel P. Ulibarri
Albuquerque, NM

for Appellants

**OPINION**

**WECHSLER, Judge.**

**{1}** We address again in this appeal the differences between Rule 1-062(D) NMRA and NMSA 1978, Section 39-3-22(A) (2007) with regard to obtaining a supersedeas bond and stay of a district court judgment pending appeal. On December 1, 2008, the district court entered judgment in favor of Plaintiff Terry Jones after a jury trial. It awarded compensatory

damages of $380,000 and punitive damages of $895,000 against Defendant Harris News, Inc. and punitive damages of $5000 against Defendant Joshua Montoya. Defendants filed a timely notice of appeal. On February 23, 2009, after correspondence between the parties' attorneys concerning the amount of a bond, Defendants filed a motion in the district court to set the amount of a supersedeas bond on appeal and to stay execution of the judgment pending the appeal. The district court denied the motion. Defendants then filed a motion with this Court to review the district court's denial, as well as the denial of their motions concerning post-judgment interest and stay of Plaintiff's application for a writ of garnishment. We hold that the time restrictions of Section 39-3-22(A) for filing a supersedeas bond conflict with the time for taking action under Rule 1-062(D) and that, in this case, the restrictions in Section 39-3-22(A) should not be given effect to preclude Defendants from seeking a stay and approval of a supersedeas bond. As a result of our ruling on Defendants' motion concerning the bond and stay, we do not address the other aspects of Defendants' motion.

**{2}**    Both Rule 1-062(D) and Section 39-3-22(A) address the procedure available to an appellant seeking a stay of a district court judgment pending appeal. Rule 1-062(D) is permissive in its language. It allows an appellant to obtain a stay at any time after filing a notice of appeal by giving a supersedeas bond that is approved by the district court sufficient to satisfy the judgment, interest, and costs, as well as other contingencies of the appeal. Rule 1-062(D) provides in pertinent part:

> When an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal . . . . The stay is effective when the supersedeas bond is approved by the district court. The bond shall be conditioned for the satisfaction of and compliance with the judgment in full together with costs, interest and damages for delay if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may adjudge and award. . . . When the judgment is for the recovery of money, the amount of the bond shall be such sum as will cover the whole amount of the judgment remaining unsatisfied, plus costs, interest and damages for delay.

**{3}**    Section 39-3-22(A), in contrast, is a limiting statute. It expressly restricts a supersedeas bond and stay of execution of a final judgment to cases in which an appellant has acted within sixty days of the entry of judgment to execute a bond in an amount double the amount of the judgment. Section 39-3-22(A) reads in pertinent part:

> There shall be no supersedeas [bond] or stay of execution upon any final judgment or decision of the district court in any civil action in which an appeal has been taken . . . unless the appellant or plaintiff in error, or some responsible person for [him], within sixty days from the entry of the judgment or decision, executes a bond to the adverse party in double the

2

amount of the judgment complained of, with sufficient sureties, and approved by the clerk of the district court . . . . The bond shall be conditioned for the payment of the judgment and all costs that may be finally adjudged against [him] if the appeal . . . is dismissed or the judgment or decision of the district court is affirmed. The district court, for good cause shown, may grant the appellant not to exceed thirty days[] additional time within which to file the bond . . . .

**{4}**　The district court ruled that Section 39-3-22(A) applied and denied Defendants' motion to set a supersedeas bond and stay execution of the judgment because Defendants did not seek the bond within sixty days of the entry of the judgment. In their motion to this Court, Defendants contend that the rule, rather than the statute, applies and that because Rule 1-062(D) does not limit the time in which they could pursue a bond after they filed a notice of appeal, the district court erred in denying their motion. Plaintiff, on the other hand, argues that the district court correctly applied the statute. We review the district court's decision under Rule 12-207(D) NMRA, setting it aside only if it "(1) is arbitrary, capricious or reflects an abuse of discretion; (2) is not supported by substantial evidence; or (3) is otherwise not in accordance with law." Because our concern is the applicability of Section 39-3-22(A), we focus on the third aspect of Rule 12-207(D).

**{5}**　We last addressed the tension between Rule 1-062(D) and Section 39-3-22(A) in *Grassie v. Roswell Hospital Corp.*, 2008-NMCA-076, 144 N.M. 241, 185 P.3d 1091, *cert. quashed*, 2009-NMCERT-005, 146 N.M. 721, 214 P.3d 792, in which we considered the statute's requirement that the bond amount be double the judgment, which is a requirement not included in the rule. We based our analysis in *Grassie* on our Supreme Court's opinion in *Albuquerque Rape Crisis Center v. Blackmer*, 2005-NMSC-032, 138 N.M. 398, 120 P.3d 820. *Blackmer* acknowledges that although the Supreme Court has the ultimate authority to prescribe the rules of procedure for the courts of New Mexico, the Legislature may pass statutes that affect court practice and procedure provided they do not conflict with Supreme Court rules or impair "the essential functions of the Court." *Id.* ¶¶ 5, 11. We thus concluded from *Blackmer* that "if a legislative rule affects arguably the same subject matter as a Supreme Court rule, courts must consider whether the purpose of the Legislature's rule is consistent with the Supreme Court rule." *Grassie*, 2008-NMCA-076, ¶ 10 (internal quotation marks and citation omitted). We sought to read the rule and the statute in a consistent manner unless there is a "clear indication from the Supreme Court" that the rule "was intended to supersede the statutory formula." *Id.*

**{6}**　We concluded in *Grassie* that Rule 1-062(D) and Section 39-3-22(A) do address the same subject matter of determining the amount of a supersedeas bond and that they have the same

> underlying purpose of providing a means to ensure the status quo of the case pending appeal—protecting the appellee from the risk of a later uncollectible judgment and compensating the appellee for any loss resulting from the stay,

3

> while at the same time allowing the appellant to exercise the right to be free from execution of the judgment during the appeal.

2008-NMCA-076, ¶ 11. We held that the district court's setting a bond that comported with the statutory amount requirement did not conflict with the rule's requirement that a bond "cover the whole amount of the judgment remaining unsatisfied, plus costs, interest and damages for delay." *Id.* ¶ 12 (internal quotation marks and citation omitted).

**{7}** Defendants' motion brings before us a different tension between Rule 1-062(D) and Section 39-3-22(A) from the one in *Grassie*; we are concerned not with the amount of the supersedeas bond but, instead, with the time for its request. Nevertheless, our task is the same as in *Grassie*—to determine whether there is a clear conflict between Rule 1-062(D) and Section 39-3-22(A) with regard to a court practice or procedure as to the same subject matter such that the statute is inconsistent with the Supreme Court's rule.

**{8}** We first consider the foundational question of whether Rule 1-062(D) and Section 39-3-22(A) affect a court practice or procedure. "Generally, a substantive law creates, defines, or regulates rights while procedural law outlines the means for enforcing those rights." *State v. Valles*, 2004-NMCA-118, ¶ 14, 140 N.M. 458, 143 P.3d 496. We recognized in *Grassie* that "a stay pending appeal is a substantive right" that is "contingent upon the appellant posting a satisfactory bond." 2008-NMCA-076, ¶ 8. The posting of the bond is procedural. *Id.* It follows that a directive concerning the time for pursuing the bond is also procedural. *Cf. Cummings v. State*, 2007-NMSC-048, ¶ 17, 142 N.M. 656, 168 P.3d 1080 (discussing restrictions on time for filing an appeal as procedural).

**{9}** *Grassie* also resolved that Rule 1-062(D) and Section 39-3-22(A) address the same subject matter of determining the amount of a supersedeas bond with the purpose of ensuring the status quo and protecting the parties' interests pending an appeal. *Grassie*, 2008-NMCA-076, ¶ 11. In addition to addressing the amount of a bond, both Rule 1-062(D) and Section 39-3-22(A) also address the time period in which an appellant may seek a supersedeas bond. The rule and statute address the same subject matter as contemplated by *Blackmer*.

**{10}** We thus turn to whether there is a clear conflict between Rule 1-062(D) and Section 39-3-22(A) with regard to the time period to pursue a supersedeas bond and, if so, whether Section 39-3-22(A) is fatally inconsistent with Rule 1-062(D). With regard to the time period for taking action, we view Rule 1-062(D) as a permissive rule, granting an appellant the ability to give a bond "at or after the time of filing the notice of appeal." It does not restrict the time period once the appellant has commenced the appeal. On the other hand, Section 39-3-22(A) specifically restricts the time period for action to sixty days from the entry of judgment or decision, with the opportunity to extend the period to ninety days for good cause. With this restriction in Section 39-3-22(A), we cannot read the statute harmoniously with Rule 1-062(D).

**{11}** Indeed, the Supreme Court's intent in extending the opportunity to obtain a supersedeas bond and stay of execution of a judgment without temporal limitation fulfills the underlying purpose of the rule of ensuring the status quo pending appeal and protecting the respective parties' rights. *See Grassie*, 2008-NMCA-076, ¶ 11. Regardless of when an appellant pursues the bond, if the appellant provides a sufficient bond as contemplated by Rule 1-062(D), the appellee will be able to recover the amount of the judgment as well as costs, interest, and damages for delay. If the appellant delays, and the appellee has already partially executed on the judgment when the appellant obtains a bond, the appellant may suffer the consequence. If the bond under Rule 1-062(D) is only set to cover the unsatisfied amount of the judgment, plus costs, interest, and delay damages, and the appellant prevails in the appeal, it will be the appellant who may then need to recover from the appellee for the portion of the judgment that was satisfied.

**{12}** Finally, we note Plaintiff's argument based on *Long v. Continental Divide Electric Cooperative*, 117 N.M. 543, 873 P.2d 289 (Ct. App. 1994), that a district court may not proceed under Rule 1-062(D) with deference to the time limitations of Section 39-3-22(A). In support of this argument, Plaintiff also refers us to the compiler's annotations to Rule 1-062(D) that reference *Long*. The appellant in *Long* also did not request a stay or attempt to post a bond within the statutory time limits of Section 39-3-22(A), and this Court granted the appellees' motion to lift the stay issued by the district court. *Long*, 117 N.M. at 544, 546, 873 P.2d at 290, 292. However, at the applicable time period in *Long*, Rule 1-062(D) did not permit an appellant to give a bond "at or after the time of filing the notice of appeal" as it currently does. Instead, the rule at that time also provided a time restriction, allowing the posting of a bond "at any time within thirty (30) days after taking the appeal," with an allowable extension of an additional thirty days for good cause. Rule 1-062(D) SCRA (1992 Repl. Pamp.); *Long*, 117 N.M. at 544, 873 P.2d at 290. Although Plaintiff asserts that he should be able to rely on the compiler's annotation that discusses *Long*, the compiler's annotation is not the law of New Mexico, particularly in a situation such as ours, when the rule was updated after *Long*. *Cf. State v. Reed*, 2005-NMSC-031, ¶ 69, 138 N.M. 365, 120 P.3d 447 (noting that committee commentary to uniform jury instructions is persuasive authority, so long as it is not inconsistent with existing law).

**{13}** We thus conclude that Section 39-3-22(A) clearly conflicts with Rule 1-062(D) regarding the time restrictions for filing a supersedeas bond and that the two provisions cannot both be given effect. *See Blackmer*, 2005-NMSC-032, ¶ 11. Because the provisions affect a court practice or procedure that is in the province of the Supreme Court, Rule 1-062(D) prevails, and in the case before us, we will not give effect to the time restrictions contained in Section 39-3-22(A).

**CONCLUSION**

**{14}** We grant Defendants' motion to review the district court's denial of a supersedeas bond and stay of judgment pending appeal. On or before fifteen days from the date of our

August 31, 2009 order, Defendants should submit to the district court for approval a supersedeas bond in the amount of $2,560,000.  The district court shall determine any additional terms, conditions, and matters relating to a stay, as may be appropriate.

**{15}    IT IS SO ORDERED.**

                               _____

                               **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**

**Topic index for *Jones v. Harris News, Inc.*, Docket No. 29,269**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SP | Stay Pending Appeal |
| AE-SU | Supersedeas Bond |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-CL | Conflict of Laws |
| CP-RC | Rules, Construction of Civil Procedure |
| CP-SG | Stay of Proceedings |
| | |
| **CT** | **CONSTITUTIONAL** |
| CT-SP | Separation of Powers |
| | |
| **CU** | **COURTS** |
| CU-IP | Inherent Powers |
| | |
| **ST** | **STATUTES** |
| ST-CS | Conflicting Statutes |
| ST-RC | Rules of Construction |