788 P.2d 345

**Archie CORBIN, d/b/a Corbin's Spring Crest Draperies, Plaintiff–Appellant,**

v.

**STATE FARM INSURANCE COMPANY and Robin Houlton, Defendants–Appellees.**

**No. 18598.**

Supreme Court of New Mexico.

Feb. 7, 1990.

---

Spann, Latimer & Hollowwa, E. Douglas Latimer, Albuquerque, for plaintiff-appellant.

Farlow, Simone, Roberts & Weiss, P.A., Randal W. Roberts, Albuquerque, for defendant-appellee State Farm.

Sager, Curran, Sturges & Tepper, P.C., Eric Scott Jeffries, Sarah Curry Smith, Albuquerque, for defendant-appellee Houlton.

## OPINION

BACA, Justice.

This case is before the court on an appeal from a grant of summary judgment against plaintiff-appellant Archie Corbin, d/b/a Corbin's Spring Crest Draperies (the Corbins), on their action for breach of contract, wrongful termination of fire insurance against State Farm, and negligent misrepresentation against defendant Robin Houlton, individually, an agent for State Farm. We affirm.

FACTS

On May 5, 1986, the Corbins applied for business insurance with State Farm through its agent, Robin Houlton. The application was filled out by Houlton with the words "draperies sales" listed as the type of business insured, and signed by Mrs. Corbin who acknowledged that the application was correct. The Corbins also obtained car and home insurance from State Farm at this time. Because the policy was in excess of $100,000 in coverage, State Farm requested a field survey on May 19, 1986, in order to determine the underwriting risk. On July 9, 1986, Wes Whiteley conducted a field survey and determined that the Corbins were in business as a manufacturer of draperies to a much greater extent than as a retail outlet. Because State Farm does not insure manufacturers, Mr. Whiteley recommended cancellation of the business insurance policy. State Farm mailed a notice of cancellation to the Corbins on July 29, 1986, informing them that their business policy was cancelled effective August 30, 1986. This was more than sixty days after the policy was issued.

Robin Houlton told the Corbins that he would "take care of everything," and referred them to John Jay in order to obtain replacement insurance. The Corbins applied for, and received replacement business insurance from John Jay through Aetna on September 18, 1986. Aetna cancelled the policy on December 20, 1986, apparently due to nonpayment of premiums. On May 6, 1987, there was a fire at Corbin's Spring Crest Draperies. The Corbins then sued State Farm and Robin Houlton for breach of contract, unfair insurance practices, negligence, and negligent misrepresentation.

The district court found no genuine issue as to material fact exists and granted summary judgment as a matter of law. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676

(1972); *see O'Brien v. Chandler,* 107 N.M. 797, 765 P.2d 1165 (1988).

## ISSUES

The Corbins argue that three factual issues do exist. They claim that State Farm violated NMSA 1978, Section 59A–18–29 (Repl.Pamp.1988) by cancelling the policy after it had been in existence more than sixty days and not informing the Corbins of the cause relied on. They further claim that Robin Houlton violated Section 59A–16–23(A) by making misrepresentations on the insurance application. Finally, they argue that State Farm and Robin Houlton failed to notify the Corbins that their insurance was cancelled and Houlton created a higher duty for himself and a false sense of security in the Corbins by telling them that he would "take care of everything."

## STATUTORY VIOLATIONS

■ There was no willful misrepresentation on Houlton's part and good cause existed for State Farm to cancel the policy after sixty days. NMSA 1978, Section 59A–16–23(A) provides:

> A. No agent, broker, * * * applicant or other person shall knowingly or wilfully:
>
> > (1) make any false or fraudulent statement or representation as to any material fact in or with reference to any application for insurance * * *.

The undisputed facts show that this was not a case of willful statements amounting to fraud. Houlton inspected the premises and saw that drapery sales, as well as manufacturing, indeed, took place. Ms. Fisher, a Corbin representative, told him that the business was drapery sales. Houlton in filling out the application form for fire insurance, under type of business, entered "drapery sales." Houlton checked in the application the "risk complied with" blank. Ms. Corbin signed the application which stated: "I hereby apply for the insurance indicated and represent that I have read both sides of this application and the statements hereon are correct." Houlton did not knowingly make a false statement because the statement was not false and was not intended to mislead; it was simply incomplete for State Farm's purposes. Based on these facts, the trial court cor-

rectly found that as a matter of law Houlton did not violate Section 59A–16–23(A).

■ Section 59A–18–29 provides that insurance may be cancelled without cause within sixty days of its issuance. If the insurer cancels the policy after sixty days, it must be for *reasonable cause* and notice of cancellation must be given. This statute does not preclude an insurer from cancelling insurance after sixty days, but requires only that reasonable cause exists for cancellation. Neither does it mandate that the insurer give notice of what the reasonable cause is. The Corbins do not argue that they did not receive notice of cancellation. They do not argue that reasonable cause did not exist for the termination of the policy. They simply argue that they were not notified of the reason for cancellation and were therefore misled. Notification of reasonable cause for termination is not a statutory requirement. State Farm acted within the statutory requirement in both cancelling the policy for reasonable cause, and in notifying the Corbins that their policy was cancelled without noting the specific cause.

## IS ROBIN HOULTON RESPONSIBLE FOR THE CORBINS' LACK OF FIRE INSURANCE?

■ The Corbins submit a factual issue existed concerning Houlton's statement that he would "take care of everything." *Sanchez v. Martinez,* 99 N.M. 66, 70, 653 P.2d 897, 901 (Ct.App.1982), requires "[a]n agent who agrees to procure or renew an expired policy of insurance * * * to either obtain the insurance, renew or replace the policy, or seasonably notify the principal that he is unable to do so in order that the principal may obtain insurance elsewhere." By procuring another insurance carrier, which was willing to insure the Corbins' drapery manufacturing business, Houlton satisfied his legal duty. The Corbins signed another business insurance contract with Aetna. It is difficult to believe that experienced business people would feel that they were insured against fire by State Farm after receiving notice of cancellation and contracting for a replacement of the cancelled insurance with another company.

Finally, a procedural question that arose in the course of this appeal must be resolved. The Corbins filed a motion to amend their complaint on June 2, 1989. Summary judgment was entered on June 6, 1989. NMSA 1978, Section 39–1–1, provides that after the entry of a judgment, the trial court retains jurisdiction for thirty days. The court granted the motion to amend on July 14, 1989, more than thirty days after the order of summary judgment was entered (on June 6). The trial court no longer had jurisdiction. The exception to the thirty day rule in Section 39–1–1 is that further time is available beyond thirty days if the court must dispose of any motion *"directed against such judgment."* (Emphasis added.) The motion in this instance was to amend the complaint. It had nothing to do with the summary judgment granted and, therefore, thirty days is the limit to the trial court's jurisdiction after the judgment was entered. The trial court acted outside of its jurisdiction in granting the motion to amend. *See Bralley v. City of Albuquerque*, 102 N.M. 715, 719, 699 P.2d 646, 650 (Ct.App.1985) (failure of trial court to rule within thirty days of the filing of motion to set aside or reconsider order of dismissal, amounted to denial of motion by operation of law). Notice of appeal was filed on June 26, 1989. The taking of appeal divests the district court of jurisdiction of the cause of action and transfers it to the appellate court. *See State ex rel. Bell v. Hansen Lumber Co.*, 86 N.M. 312, 523 P.2d 810 (1974); *see also Thompson v. Harry C. Erb, Inc.*, 240 F.2d 452 (3rd Cir. 1957); *Grand Opera Co. v. Twentieth Century Fox Film Corp.*, 235 F.2d 303 (7th Cir.1956); *cf. Luna v. Homestake Mining Co.*, 100 N.M. 265, 669 P.2d 741 (Ct.App. 1983). This cause is therefore appropriately before this court.

Summary judgment was appropriate. We therefore AFFIRM.

IT IS SO ORDERED.

SOSA, C.J., and WILSON, J., concur.