This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37117**

**RABO AGRIFINANCE, LLC,
Successor in Interest to Farm
Credit Bank of Texas,**

   Plaintiff-Appellee,

v.

**TERRA XXI, LTD, a Texas limited
partnership, composed of VEIGEL
CATTLE CO., as General Partner;
ROBERT WAYNE VEIGEL a/k/a
BOB W. VEIGEL; ELLA MARIE
WILLIAMS VEIGEL; VEIGEL
CATTLE CO., a Texas corporation;
VEIGEL FARM PARTNERS, a Texas
general partnership, d/b/a VEIGEL
PARTNERS, BOB VEIGEL, INC., a
Texas corporation; STEVE VEIGEL,
INC., a Texas corporation; VEIGEL
KIRK, INC., a Texas corporation;
VICKI VEIGEL, INC., a Texas
corporation; VEIGEL FARMS, INC.,
a Texas corporation; TERRA PARTNERS,
a Texas general partnership; BURNETT &
VEIGEL, INC., a Texas corporation as
General Partner of TERRA PARTNERSHIP,
and ALL UNKNOWN CLAIMANTS
OF INTEREST IN THE PREMISES
ADVERSE TO THE PLAINTIFF,**

   Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY
Drew D. Tatum, District Judge**

Rowley Law Firm, L.L.C.
Richard F. Rowley, II
Clovis, NM

for Appellee

William F. Davis & Associates, P.C.
William F. Davis
Nephi D. Hardman
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** The opinion filed January 9, 2020, is hereby withdrawn, this opinion is substituted in its place. In this mortgage foreclosure dispute, Robert Wayne Veigel and Terra XXI, Ltd., et al.[1] (members of the Veigel family or entities run by members of the Veigel family) (collectively, Defendants) appeal from the district court's order entered on January 8, 2018 (January 2018 Order) in favor of Rabo Agrifinance, LLC (Plaintiff). We affirm.

**BACKGROUND**

**{2}** This is the fourth appeal that has been before this Court arising from this dispute. *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, No. 34,757, mem. op. ¶¶ 1, 2 (N.M. Ct. App. Nov. 18, 2015) (non-precedential); *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 2014-NMCA-106, ¶ 2, 336 P.3d 972; *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 2012-NMCA-038, ¶ 2, 274 P.3d 127. Our factual overview in this memorandum opinion is drawn from three prior opinions and the current record proper.

**{3}** In prior appeals, we affirmed the district court's grant of summary judgment in favor of Plaintiff. We held that Plaintiff had a 100% lien interest in the subject property, dismissed Defendants' counterclaims, denied relief from judgment under Rule 1-060(B) NMRA, and noted disapproval of Defendants' multiple Rule 1-060(B) motions. *See Rabo Agrifinance, Inc.*, No. 34,757, mem. op. ¶¶ 1, 2; *Rabo Agrifinance, Inc.*, 2014-NMCA-106, ¶¶ 2, 8; *Rabo Agrifinance, Inc.*, 2012-NMCA-038, ¶¶ 2, 21. Following Defendants' most recent unsuccessful appeal, in which we denied Defendants' second Rule 1-060(B) motion pursuant to the primary fund doctrine, Plaintiff moved for the release of a $150,000 supersedeas bond previously granted to stay the confirmation of the foreclosure sale during the appeal, for confirmation of the foreclosure sale itself,

---

[1]Steve Veigel, a non-party whose motion to intervene was denied, claims to bring this appeal as a "proposed intervener and substituted party in his individual capacity as the assignee of all of the other originally named Defendants" except Robert Veigel. The district court questioned the validity of these assignments.

entry of deficiency judgment in the amount of $1,478,034.37, and entry of an order declaring the special warranty deeds (the May 2015 Deeds)—conveyed to Steve Veigel and recorded on the same day as the May 19, 2015 foreclosure sale—null and void. *See Rabo Agrifinance, Inc.*, No. 34,757, mem. op. ¶¶ 1, 2. Less than a month later, on May 4, 2016, the district court issued an order confirming the foreclosure sale and providing a one-month right of redemption.

{4}     On May 31, 2016, the same day as the hearing on Plaintiff's motion to resolve remaining issues, Steve Veigel filed a notice of the filing of assignments, assigning rights to any and all causes of actions from all Defendants except Robert Veigel to Steve Veigel. At the hearing, the district court orally granted Plaintiff's motion, and issued an order to that effect on June 29, 2016 (June 2016 Order), awarding Plaintiff the $150,000 supersedeas bond, granting the deficiency judgment in the amount of $1,478,034.37, and declaring the May 2015 Deeds null and void. Before entry of the June 2016 Order, Steve Veigel, who is not a party to the action, and Defendant Robert Veigel, filed a pro se motion to reconsider, reopen, and vacate all orders and judgments for Plaintiff, raising previously adjudicated arguments regarding the extinguishment of Plaintiff's liens in the bankruptcy discharge. Twelve days after the entry of the June 2016 Order, Steve Veigel, again joined by Defendant Robert Veigel, filed a pro se supplemental motion to reconsider, reopen, and vacate all orders and judgments for Plaintiff.

{5}     On July 19, 2016, Plaintiff moved for a writ of assistance to effect entry of the June 2016 judgment, which the district court granted. Approximately one year later, on August 25, 2017, the district court issued a disposition order for lack of prosecution. One month later, Defendants filed a motion for reinstatement. The district court heard arguments on the motion and ultimately entered an order on January 8, 2018 (January 2018 Order), denying Defendants' motion for reinstatement, motion to reconsider, reopen and vacate all orders and judgments for Plaintiff, and supplemental motion to reconsider, reopen, and vacate all orders and judgments for Plaintiff. Defendants appeal.

**DISCUSSION**

{6}     Defendants argue the denial of the motion for reinstatement was improper because the district court erred by (1) dismissing the case for lack of prosecution; (2) refusing to reinstate the case for good cause; (3) applying res judicata to the Texas judgments; (4) acting without jurisdiction during pending appeals as well as in contravention of the bankruptcy court's discharge; (5) confirming Plaintiff's status as a judgment creditor in violation of federal borrowers' rights; (6) refusing to reverse the nullification of the two deeds allegedly conveyed to Steve Veigel on May 19, 2015 (the May 2015 Deeds); and (7) refusing to reverse the award of supersedeas bonds to Plaintiff.

{7}     Based on our review of the record, we note that three of Defendants' arguments—those pertaining to the applicability of res judicata, federal borrowers rights,

and extinguishment of liens in Chapter 11 bankruptcy discharge—should have been raised or were raised and addressed in their earlier appeals, and now Defendants are bound by the law of the case.[2] *See Rabo Agrifinance, Inc.*, No. 34,757, mem. op. ¶ 4 (holding that Defendants should have raised primary fund argument in first Rule 1-060(B) motion); *Rabo Agrifinance, Inc.*, 2014-NMCA-106, ¶¶ 2, 8, 17 (affirming summary judgment in favor of Plaintiff that Plaintiff holds a 100% lien interest in the subject property); *Rabo Agrifinance, Inc.*, 2012-NMCA-038, ¶¶ 4, 19-21 (affirming the summary judgment in favor of Plaintiff including the dismissal of Defendants' counterclaims as barred by res judicata and collateral estoppel). "We have long held that a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation." *State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816. "It has also been said that the rule applies not only to questions specifically decided [or raised], but also to those necessarily involved . . . [and] those questions which could have been . . . raised." *Farmers' State Bank of Texhoma, Okla. v. Clayton Nat'l Bank*, 1925-NMSC-026, ¶ 20, 31 N.M. 344, 245 P. 543 (citation omitted); *see also Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 40, 125 N.M. 721, 965 P.2d 305 ("Law-of-the-case doctrine is a matter of precedent and policy; it is a determination that, in the interests of the parties and judicial economy, once a particular issue in a case is settled it should remain settled." (internal quotation marks and citation omitted)). While we will not apply the law-of-the-case doctrine to uphold a clearly erroneous decision, it is within our discretion to apply the law of the case where the previous decisions were not clearly erroneous, as here. *Trujillo*, 1998-NMSC-031, ¶ 41; *Farmers' State Bank of Texhoma*, 1925-NMSC-026, ¶ 24. Accordingly, we decline to address arguments Defendants raised or could have raised in prior appeals and limit our review to Defendants' remaining contentions.

## I.    The District Court's Resolution of the Pending Motions Was Proper

---

[2] We have reviewed the bankruptcy plan itself, the district court's findings of fact in granting summary judgment to Plaintiff, as well as our opinion in the first appeal. *Rabo Agrifinance, Inc*., 2012-NMCA-038, ¶¶ 19-21. These collectively reveal that Defendants' "lien extinguishment" argument has been resolved because First Ag Credit (FAC), Plaintiff's predecessor-in-interest, was provided for in the plan. Further, our opinion in the first appeal noted there are no genuine issues of material fact here and dismissed Defendants' counterclaims based on the same lien extinguishment argument. *Rabo Agrifinance, Inc*., 2012-NMCA-038, ¶¶ 4, 19-21. We also observe that multiple court orders across jurisdictions have similarly rejected Defendants' lien extinguishment argument based upon provision for Plaintiff's predecessor-in-interest in the bankruptcy plan. As the United States Court of Appeals for the Fifth Circuit elaborated, "[i]t is clear from the plan that the obligations under the [s]enior [n]otes were preserved. . . After the bankruptcy, in 2004, [FAC] assigned to [Plaintiff] its interest in the notes, which plainly included [FAC]'s rights under the bankruptcy plan. *Rabo Agrifinance Inc. v. Terra XXI Ltd*., 257 F. App'x 732, 733 (5th Cir. 2007). We agree. The Fifth Circuit went so far as to sanction Steve Veigel for this frivolous argument by requiring his filings to be vetted by the district court "to determine whether the issues contained in the filing have been previously decided." *Terra Partners v. Rabo Agrifinance, Inc*., 504 F. App'x 288, 291 (5th Cir. 2012) (per curiam). Again, Defendants opt to employ scant judicial resources to litigate previously failed arguments and obfuscate these same contentions with inaccurate, vague, and incomplete representations of the facts and law underpinning this case. We reject Defendants' contentions in this regard once again, and any assertion based thereon that this court lacks jurisdiction in any respect.

**{8}** Defendants contend that the district court erred in dismissing the case for lack of prosecution before the applicable time had expired and by denying reinstatement for good cause. Because we conclude that the underlying motions were improper, we cannot agree with Defendants' contentions that the denial of reinstatement was in error.

**{9}** As a preliminary matter, we address whether Defendants' motions were properly before the district court. The district court's January 2018 Order states, "Steve Veigel is not a party in the case and had no standing to file motions in this matter, especially as a pro se litigant on behalf of corporations and other legal entities." We agree. It is axiomatic that a non-attorney, non-party cannot file pro se motions on behalf of parties to an action. *See Martinez v. Roscoe*, 2001-NMCA-083, ¶ 5, 131 N.M. 137, 33 P.3d 887 (holding that LLCs, corporations, partnerships, and other artificial legal entities must appear in court through a licensed attorney). Moreover, there having been no properly filed motion by Steve Veigel, it was improper for Robert Veigel to join Steve Veigel's motions. Notably, Defendants cite no authority for the proposition that Robert Veigel's joining of the improper motions thereby renders the motion proper, given that Defendants were fully aware that Steve Veigel had previously been denied intervention in 2013. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule. We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (emphasis and citations omitted)). Therefore, we need not reach the merits regarding improper motions filed by a non-party and joined by Robert Veigel.

**{10}** We note as well that, even were we to assume that the motions were proper and that the August 24, 2017 order dismissing the case for the lack of prosecution was in error, the district court nonetheless substantively disposed of Defendants' pending motions in its January 2018 Order, holding that "both motions are restatements of arguments already addressed by [the district court or] . . . arguments that were, or could have been, raised in prior briefing." *See Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290 (holding that a district court does not abuse its discretion in denying a motion for reconsideration that was merely a restatement of the arguments the defendants had already advanced or arguments that could have been raised in prior briefing). Defendants contend their motions to reconsider, reopen, and vacate all orders for Plaintiff were not restatements of arguments already addressed by the district court and that their motions properly challenged the district court's orders. However, based on our review of the pleadings, we agree with the district court that Defendants' motions were not properly focused on the relevant orders at issue, and instead presented arguments that should have been raised earlier or that have already been addressed by the district court. *See id.* Thus, we conclude that the district court did not err in resolving Defendants' motions and denying reinstatement.

## II. The District Court's Actions During the Pending Appeals Were Proper and Within Its Jurisdiction

**{11}** Defendants next argue that the district court acted without jurisdiction during the pendency of prior appeals before this Court. Defendants highlight several district court orders that were allegedly improper and without jurisdiction: the February 11, 2013 order appointing a special master for the foreclosure sale; the March 19, 2013 order first setting a $100,000 bond to stay the foreclosure sale while the second appeal was pending, in response to Defendants' own motion; the May 20, 2015 order awarding the initial $100,000 supersedeas bond to Plaintiff after Defendants' unsuccessful second appeal; and the June 2, 2015 order setting the second $150,000 supersedeas bond to stay the confirmation of the foreclosure sale.[3] Contrary to Defendants' contentions, we conclude the district court acted within its jurisdiction while the previous appeals were pending. We also reiterate that several of Defendants' objections should have been raised in earlier appeals and are barred by the law of the case. However, to the extent the order setting the second $150,000 supersedeas bond was proper, we briefly address the merits of the argument.

**{12}** While the general rule is that "[t]he taking of appeal divests the district court of jurisdiction of the cause of action and transfers it to the appellate court[,]" *Corbin v. State Farm Ins. Co.*, 1990-NMSC-014, ¶ 10, 109 N.M. 589, 788 P.2d 345, the rule is not without exceptions. Cases involving a foreclosure suit, as here, involve two distinct adjudications—(1) the judgment that forecloses and (2) the judgment that directs the sale—and the district court retains "continuing supervisory jurisdiction" over the foreclosure sale. *See Speckner v. Riebold*, 1974-NMSC-029, ¶¶ 8-9, 86 N.M. 275, 523 P.2d 10 ("[T]here are two separate adjudications . . . The initial judgment operates to foreclose the mortgage. It declares the rights of the parties in the mortgaged premises. . . . The second part of the judgment directs that the mortgaged property be sold, and fixes the manner and terms of the sale."). The district court has "certain discretionary powers to order such a sale on any terms or in any manner, subject only to statutory prohibitions and review for abuse of discretion." *Id.* ¶ 9. Thus, it was within the district court's jurisdiction to exercise its discretionary powers to facilitate the foreclosure sale by appointing a special master.

**{13}** Yet another exception exists for supersedeas bonds, over which the district court retains limited jurisdiction during the pendency of an appeal. *See* Rule 1-062(D) NMRA ("When an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay . . . The bond may be given *at or after the time of filing the notice of appeal*. . . . The stay is effective when the supersedeas bond is *approved by the district court.*" (emphasis added)); Rule 12-207(B) NMRA ("Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal *must be made in the first instance in the district court.*" (emphasis added)); *In re Estate of Gardner*, 1991-NMCA-039, ¶ 1, 112 N.M. 536, 817 P.2d 729 ("[T]he district court may act on matters of supersedeas and stay during the pendency of an appeal."). Consequently, although the district court's acts—its appointment of a special master, stay of foreclosure sale, stay of the confirmation sale, and its approval (or grant) of the

---

3Defendants also included the June 2016 Order awarding the second $150,000 supersedeas bond to Plaintiff as improper. However, there was no appeal pending before this Court at that time.

related supersedeas bonds in case of unsuccessful appeals—occurred after the notices of appeal were filed, the court had jurisdiction to act as it did.

### III. The District Court's Nullification of the May 2015 Deeds Was Proper Except As It Pertained To Certain Unencumbered Property

{14}     Defendants next argue that the district court's order nullifying the May 2015 Deeds was improper for several reasons, namely, lack of subject matter jurisdiction over certain unencumbered property, ineffective lis pendens, and lack of personal jurisdiction over certain non-parties.

{15}     The May 2015 Deeds at issue were special warranty deeds filed on May 19, 2015, the same day as the foreclosure sale, purporting to convey real property interests in Quay and Guadalupe County to Steve Veigel from three Veigel family entities, Terra XXI Ltd., Terra Partners, and S.S. Williams Testamentary Trust (SSWT Trust). Notably, eight years earlier, in 2007, notice of lis pendens was filed on the foreclosed properties, which included all property at issue in the May 2015 Deeds except for an 80-acre segment—specifically, West 1/2 (W/2), Southwest 1/4 (SW/4) of Section 14, Township Seven North (7N), Range Twenty-six East (26E) N.M.P.M in Guadalupe County (the unencumbered property). In addition, in the month prior to the May 2015 foreclosure sale, the Special Master published the required notices of sale in Quay and Guadalupe County newspapers.

{16}     We initially address Defendants' contention, which Plaintiff does not dispute, that the district court lacked subject matter jurisdiction over the unencumbered property in Guadalupe County that was included within the district court's nullification of the May 2015 deeds.[4] In this regard, we pause to note that Defendants failed to provide the May 2015 Deeds as a part of the record in the present case, directing us instead to the companion case's record via a footnote in their brief in chief. "It is the duty of the appellant to provide a record adequate to review the issues on appeal." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791. Nevertheless, we may take judicial notice of pertinent adjudicative facts when "a fact is not subject to reasonable dispute." Rule 11-201(B)(2) NMRA ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

{17}     Our extensive review of the record, including the mortgage documents, notices of sale, and the special master's report, as well as the May 2015 Deeds, indicate that the certain unencumbered property was not a part of the foreclosure action, and should have been excepted from the nullification of the May 2015 Deeds.[5] Therefore, to the

---

4This argument was clarified in Defendants' motion to reconsider our initial opinion filed in this case. Our analysis is based on that motion, Plaintiff's response thereto, as well as the parties' briefs and record proper.

5 In Plaintiff's response to Defendants' motion for rehearing, they conceded that "the Order declaring the [May 2015 Deeds] null and void should have excepted the [unencumbered property] . . . [and] [n]either [Plaintiff] nor [Plaintiff]'s successor in interest claims any interest in that 80-acres [of property].

extent that this unencumbered property was implicated in the nullification of the May 2015 Deeds, we reverse and remand the nullification only as it pertains to the unencumbered property. We otherwise conclude that the nullification of the May 2015 Deeds regarding the remainder of the properties therein was appropriate, and we further address Defendants' challenges only as they pertain to the remaining foreclosed properties contained in the May 2015 Deeds.

**{18}** In this regard, Defendants claim that the nullification of the May 2015 Deeds was improper because the notices of lis pendens filed on June 29, 2007, in Quay County and in Guadalupe County on September 13, 2007, would be of "no value" under NMSA 1978, Section 38-1-15 (1873-74), since Plaintiff did not serve Defendants within the sixty days. We disagree.

**{19}** We initially point out that, as we noted in the related case regarding a similar deed conveyance to Steve Veigel in July 2015, *see Rabo Agrifinance, LLC v. Steve Veigel*, No. A-1-CA-37199, mem. op. (N.M. Ct. App. January 9, 2020), the purpose of lis pendens is to give constructive notice to bona fide purchasers, and Steve Veigel is not a bona fide purchaser, considering the nature of his long-term involvement in the case, up to and including the timing of the deed conveyance on the same day as the foreclosure sale. *See Kokoricha v. Estate of Keiner*, 2010-NMCA-053, ¶ 14, 148 N.M. 322, 236 P.3d 41 ("The result of filing a formal notice of lis pendens is that anyone dealing with the property in a subsequent transaction is prevented from being a bona fide purchaser without notice." (internal quotation marks and citation omitted)). Our review of the record strongly suggests that Defendants purposefully clouded title, given the timing and the nature of the purported transfer.

**{20}** Defendants further argue that the district court lacked personal jurisdiction over non-parties, including SSWT Trust, one of the cograntors of the May 2015 Deeds and Steve Veigel, the grantee of the May 2015 Deeds and a non-party in this case who was denied the right to intervene. Even assuming, *arguendo*, the nullification of the May 2015 Deeds was improper as a matter of law due to lack of personal jurisdiction, the May 2015 Deeds could only convey to Steve Veigel redemption rights to any foreclosed properties therein. *See Ovecka v. Burlington N. Santa Fe Ry. Co.*, 2008-NMCA-140, ¶ 9, 145 N.M. 113, 194 P.3d 728 ("But when no facts are in dispute and the undisputed facts lend themselves to only one conclusion, the issue may properly be decided as a matter of law."); *Springer Corp. v. Kirkeby-Natus*, 1969-NMSC-045, ¶ 10, 80 N.M. 206, 453 P.2d 376 (holding that, in a case in which an omitted junior mortgagee foreclosed its mortgage, "[t]he only absolute right of a junior mortgagee, as against a senior mortgagee, is the right to redeem from the senior mortgagee."). The undisputed facts provide that "the court set the redemption period after judicial sale at one month" in accordance with the terms of the 1994 mortgage. As such, the redemption period expired on June 4, 2016, one month after Judge Tatum's May 4, 2016 order approving the foreclosure sale, and Defendants do not point to any effort by Steve Veigel to redeem the foreclosed property during that time. *See* NMSA 1978, § 39-5-18 (2007) (providing that real estate may be redeemed by a former defendant owner or any junior lienholder whose rights were determined in the foreclosure proceeding within nine

months from the date of sale); NMSA 1978, § 39-5-19 (1965) ("The parties to any such instrument may, by its terms, shorten the redemption period to not less than one month[.]"); *Morgan v. Texas Am. Bank/Levelland*, 1990-NMSC-058, ¶ 11, 110 N.M. 184, 793 P.2d 1337 (holding that the right of redemption arises when the court confirms it and the purchaser receives an interest in the property rendering the "purchase" completed). Moreover, Plaintiff's failure to name SSWT Trust regarding its interest in the lis pendens or in the foreclosure action was inadvertent, and the record does not suggest any intentional omission, considering the numerosity and relatedness of named parties and the nature of SSWT's interest. *See W. Bank, Santa Fe v. Fluid Assets Dev. Corp.*, 1991-NMSC-020, ¶ 19, 111 N.M. 458, 806 P.2d 1048 ("When the mortgagee inadvertently fails to notify a junior lienholder, the mortgagee's equitable rights are not diminished and . . . in the trial court's discretion, the judgment may operate to extinguish the junior lien, with only the right to redeem remaining in the junior lienor[.]"). Accordingly, we conclude that once the redemption period expired, any property rights to the foreclosed properties, if any, that Steve Veigel could assert as stemming from SSWT Trust expired as well.

## IV.     The District Court's Award of the Supersedeas Bonds to Plaintiff Was Proper

**{20}**     Defendants next challenge the district court's award of $100,000 and $150,000 in supersedeas bonds to Plaintiff following its unsuccessful second and third appeals, respectively. We again note that Defendants should have challenged the award of the first supersedeas bond in the third appeal, but to the extent that the subsequent bond is challenged, we briefly address and resolve the issue. Defendants argue that the district court erred in not conditioning the release of supersedeas bonds nor requiring Plaintiff to demonstrate evidence of actual damages suffered. We disagree.

**{21}**     The purpose of a supersedeas bond is to maintain the status quo during an appeal. *See Khalsa v. Levinson*, 2003-NMCA-018, ¶ 7, 133 N.M. 206, 62 P.3d 297 ("Supersedeas is designed to protect the appellee against loss and to maintain the status quo during the pendency of the appeal."). Moreover, we have held that "[s]ureties should not be excused except for the best of reasons, and a liberal construction should be indulged against them." *Id.* ¶ 10; *see also Monte Rico Milling & Mining Co. v. U.S. Fid. & Guar. Co.*, 1930-NMSC-121, ¶ 15, 35 N.M. 616, 5 P.2d 195 (stating that any ambiguity will be more strictly construed against the surety and in favor of the obligee in order to give full effect to the purpose of the undertaking).

**{22}**     Under the relevant statutes and rules, supersedeas bonds can secure payment towards "the judgment" as well as "all damages and costs finally adjudged against the appellant." NMSA 1978, § 39-3-22(A), (B) (2007); *see also* Rule 1-062(D) (providing that a supersedeas bond "shall be conditioned for the satisfaction of and compliance with the *judgment in full* together with costs, interest and damages for delay . . . if the judgment is affirmed[.]" (emphasis added)). Moreover, under Rule 12-207(D), we only set aside a district court's decision regarding supersedeas if it "(1) is arbitrary, capricious or reflects an abuse of discretion; (2) is not supported by substantial

evidence; or (3) is otherwise not in accordance with law." *See Jones v. Harris News, Inc.*, 2010-NMCA-088, ¶ 4, 148 N.M. 612, 241 P.3d 613.

**{23}** Defendants insist that under NMSA 1978, Section 39-3-9 (1933), rental values should be the measure of damages in a stay involving title to property, but we have held to the contrary. "Section 39-3-9 directs a district court to set the supersedeas bond at an amount that indemnifies the appellee for 'all damages' and states that the 'rental value' of the property shall be considered an element of damages, *not the sole measure.*" *Charter Bank v. Francoeur*, 2012-NMCA-078, ¶ 33, 287 P.3d 333 (emphasis added); *see id.* (concluding that "[t]he district court therefore did not abuse its discretion under Section 39-3-9 by considering potential damages to [the p]laintiff outside of the rental value of the property"). District courts have the discretion to determine the proper amount for a supersedeas bond, considering "*all* damages" that might flow from the stay. *Charter Bank*, 2012-NMCA-078, ¶ 34 (emphasis added).

**{24}** Here, the district court required Defendants to pay a bond of $100,000 following Defendants' motion to stay the foreclosure sale during the second appeal. During Defendants' third appeal, Defendants paid a second supersedeas bond of $150,000 to stay the confirmation of the foreclosure sale. In addition to awarding the supersedeas bond to Plaintiff in its June 2016 Order, the district court entered a deficiency judgment in the amount of $1,478,034.37 in favor of Plaintiff. Accordingly, in considering our liberal construction against excusing sureties and our favorable view of upholding the district court's decision regarding supersedeas, we conclude that the district court acted in accordance with law and did not abuse its discretion in awarding the supersedeas bonds to Plaintiff.

**CONCLUSION**

**{25}** For the reasons set forth above, we affirm in part and remand in part.

**{26} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**