This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41665**

**KONDAUR CAPITAL, LLC f/k/a
KONDAUR CAPITAL CORPORATION,**

      Plaintiff-Appellee,

v.

**MARGARET H. MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Nancy J. Franchini, District Court Judge**

McCarthy & Holthus LLP
Jason Bousliman
Albuquerque, NM

for Appellee

Margaret H. Martinez
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals self-represented from the district court's order granting summary judgment against her and in favor of Plaintiff. In this Court's notice of proposed disposition, we proposed to summarily affirm. Upon rehearing, Defendant filed a memorandum opposition and, subsequently, a brief in chief, both of which we have duly considered. We construe the brief in chief as an amended memorandum in opposition and a motion to amend the docketing statement. Unpersuaded by

Defendant's amended memorandum in opposition, we affirm. We deny the motion to amend the docketing statement.

**{2}** We first address Defendant's motion to amend the docketing statement to add four additional issues (amended memorandum in opposition issues E-H), related to the supersedeas bond posted by Defendant. [AMIO 17-20] The district court's order entered on May 29, 2024, states that the district court would only stay the matter if Defendant posted the full amount of the supersedeas bond prior to the entry of Plaintiff's order approving the special master's report and confirming the sale, and it appears that Defendant did, in fact, post the full amount of the supersedeas bond prior to the entry of Plaintiff's order. No further proceedings—including the sale—have occurred since the supersedeas bond was posted.

**{3}** We deny the motion to amend as to Defendant's claims that the district court failed to stay the proceedings (amended memorandum in opposition issues E & F) because it appears that the matter is stayed in the district court and nothing in the record indicates otherwise. *State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 ("[W]e should deny motions to amend that raise issues that are not viable."), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. We note also that this opinion will render these claims moot. *See Grassie v. Roswell Hosp. Corp.*, 2008-NMCA-076, ¶ 1, 144 N.M. 241, 185 P.3d 1091 ("[T]he purpose of the supersedeas bond is to maintain the status quo during the pendency of the appeal." (internal quotation marks and citation omitted)).

**{4}** We also understand Defendant to seek to amend her docketing statement to claim that payment of the supersedeas bond should act as a substitute for payment of the foreclosure judgment, thereby entitling Defendant to title of the at-issue property (amended memorandum in opposition issues G and H). These issues are also not viable; it is well-established that "[t]he term 'supersedeas' is synonymous with a stay of proceedings, stay of execution, or simply a stay." *Khalsa v. Levinson*, 2003-NMCA-018, ¶ 7, 133 N.M. 206, 62 P.3d 297; *see Grassie*, 2008-NMCA-076, ¶ 1. We therefore deny the motion to amend as to Defendant's amended memorandum in opposition issues G and H. *See Moore*, 1989-NMCA-073, ¶ 45.

**{5}** In her amended memorandum in opposition, Defendant continues to contend that the district court erred in granting summary judgment against Defendant. [AMIO iii-iv] Specifically, Defendant continues to challenge the original plaintiff's (Fannie Mae) standing at the time the original complaint was filed. [AMIO 6-13] Defendant also reasserts her claim that the district court erred in hearing multiple summary judgment motions and in concluding that there were no genuine disputes of material fact, given the voluminous record. [AMIO 13-16] In addition, Defendant reiterates her belief that Plaintiff's lawsuit is barred by the statute of limitations, which Plaintiff claims expired while the litigation was pending. [AMIO 17]

**{6}** As to standing, our notice of proposed disposition stated that the Fannie Mae attached a copy of the note, including both indorsements, to its original and amended

complaints, both of which also recited that Fannie Mae was the holder of the note. [CN 3] Our notice of proposed disposition also noted that Plaintiff's motion for summary judgment "asserted that Fannie Mae, through its then attorney-in-fact, was in possession of the note, indorsed in blank, at the time it filed its complaint. The motion also stated that the original note, indorsed in blank was presently in possession of Plaintiff's counsel," and that those facts were deemed admitted because Defendant's response did not dispute or otherwise address them. [CN 4] Based on these facts, and because a copy of the note indorsed in blank was attached to the complaint, we proposed to conclude that Plaintiff had made a prima facie showing of entitlement to summary judgment that Defendant had failed to rebut. [CN 5-6] *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046 ("If [the bank] had presented a note indorsed in blank with its initial complaint, it would be entitled to a presumption that it could enforce the note at the time of filing and thereby establish standing."); *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 12, 336 P.3d 443 ("Under the UCC, possession of a note properly indorsed in blank establishes the right to enforce that note."); *see also* NMSA 1978, § 55-3-301 (1992) (stating that the holder of an instrument is entitled to enforce the instrument).

**{7}** Although Defendant continues to dispute standing, Defendant's memorandum in opposition does not address this Court's proposed analysis of standing, nor does it present any new facts or arguments that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. [AMIO 6-14] Instead, Defendant's amended memorandum in opposition merely reasserts Defendant's challenges based on Fannie Mae's original complaint having been filed under an incorrect name for Fannie Mae and due to an allegedly anomalous indorsement resulting from a merger between JP Morgan Chase Bank and Chase Home Finance, LLC. [AMIO 9-14] Again, however, Defendant has not addressed our proposed rejection of those claims or otherwise argued anything new to persuade this Court that our proposed summary disposition was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10.

**{8}** We note that Defendant has tweaked her argument related to the transfer of the note by merger to include a claim that the original lender illegally transferred the note to JP Morgan Chase Bank after the original lender's corporate status had been revoked in two states. [AMIO 9] However, Defendant supports this argument by citation to the record in a different case. [AMIO 9-12] As we explained in our notice of proposed disposition, "we will not consider matters that are outside the record." [CN 7] *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482. And we decline to address this issue further because Defendant did not argue in this case that original

lender's special indorsement was illegally made after the original lender lost its corporate status. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). Instead, Defendant argued that the original lender specially indorsed the note when they were not a holder of the instrument, causing an anomalous indorsement. [6 RP 1505] We proposed to reject this claim because "[a]n anomalous indorsement does not affect the manner in which [an] instrument may be negotiated," NMSA 1978, § 55-3-205(d) (1992), and an instrument payable to bearer, as here, "may be negotiated by transfer of possession alone," NMSA 1978, Section 55-3-201(b) (1992). [CN 7-8] And, of course, to have lost status as a holder prior to making the special indorsement on the note, the original lender would have first needed to have negotiated the note to another party. *See* § 55-3-201(a) ("'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder."); *see also* § 55-3-201(b) (requiring an instrument to both transfer possession and receive an indorsement by the holder to complete its negotiation to an identified party).

**{9}**     Defendant again contends that the volume of material attached in support of the multiple and renewed motions for summary judgment should have prevented summary judgment. In support, Defendant has indicated that 404 pages of documents were presented to the district court and supported by the affidavit of William Fogleman. [AMIO 13-17] Defendant claims that "(a) in those 404 new pages there were likely to be many disputed issues of material fact, to be viewed with suspicion if evaluated; and (b) that such evidence should have been barred entirely as untimely hearsay, already decided, and with insufficient foundation." [AMIO 15] We again remind Defendant "that allegations and speculation are insufficient to rebut a showing of entitlement to summary judgment." [CN 6] *See Sandel v. Sandel*, 2020-NMCA-025, ¶ 13, 463 P.3d 510.

**{10}**     Further, to the extent Defendant claims the existence of a genuine dispute of material fact related to "a breach of standing or a break in the chain in title," Defendant's amended memorandum in opposition indicates that any such dispute did not arise from or relate to the statements contained within Fogleman's affidavit. [AMIO 15] As a result, absent identification of any material facts that Defendant believes the district court erroneously found were not in dispute, Defendant's memorandum in opposition has not persuaded this Court that our notice of proposed disposition was incorrect as to this issue. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10; *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{11}**     Defendant lastly reasserts her claim that the applicable statute of limitations expired in 2016, after the case had been instituted, but prior to Plaintiff's filing of an affidavit of possession regarding the note. [AMIO 17] This argument is unavailing. [CN 9] *See* NMSA 1978, § 55-3-118 (1992) (stating that the operative date for purposes of

the statute of limitations is the date that a lawsuit is commenced); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (noting that it is the appellant's burden to demonstrate error on appeal).

**{12}** Defendant's amended memorandum in opposition otherwise cites to no authority and presents no new facts or arguments that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10; *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{13}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**